ROBERTS *v.* RUSSELL.

No. 920, Misc.   Decided June 10, 1968.

*George F. McCanless,* Attorney General of Tennessee, and *Paul E. Jennings,* Assistant Attorney General, for respondent.

PER CURIAM.

In *Bruton* v. *United States,* 391 U. S. 123, decided May 20, 1968, we overruled *Delli Paoli* v. *United States,* 352 U. S. 232, and held that, despite instructions to the jury to disregard the implicating statements in determining the codefendant's guilt or innocence, admission at a joint trial of a defendant's extrajudicial confession implicating a codefendant violated the codefendant's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment.   This case presents the question whether *Bruton* is to be applied retroactively.   We hold that it is.

The facts parallel the facts in *Bruton.*   The petitioner was convicted by a jury of armed robbery at a joint trial with one Rappe in Davidson County, Tennessee.   A police officer testified that Rappe orally confessed to him that petitioner and Rappe committed the crime.

The trial judge instructed the jury that Rappe's confession was admissible against her but that her statements implicating petitioner were not to be considered in determining petitioner's guilt or innocence. The Tennessee Supreme Court affirmed petitioner's conviction. Petitioner filed a proceeding in federal habeas corpus in the United States District Court for the Middle District of Tennessee. That court relied on *Delli Paoli* and denied relief. The Court of Appeals for the Sixth Circuit affirmed.

Although *Bruton* involved a federal prosecution and this is a state prosecution, the right of cross-examination secured by the Confrontation Clause of the Sixth Amendment is made applicable to the States by the Fourteenth Amendment. *Pointer* v. *Texas,* 380 U. S. 400; *Douglas* v. *Alabama,* 380 U. S. 415.

"We have . . . retroactively applied rules of criminal procedure fashioned to correct serious flaws in the fact-finding process at trial." *Stovall* v. *Denno,* 388 U. S. 293, 298. See *Jackson* v. *Denno,* 378 U. S. 368; *Gideon* v. *Wainwright,* 372 U. S. 335; *Reck* v. *Pate,* 367 U. S. 433; *Linkletter* v. *Walker,* 381 U. S. 618, 639, n. 20; *Johnson* v. *New Jersey,* 384 U. S. 719, 727–728; cf. *Brookhart* v. *Janis,* 384 U. S. 1. Despite the cautionary instruction, the admission of a defendant's confession which implicates a codefendant results in such a "serious flaw." The retroactivity of the holding in *Bruton* is therefore required; the error "went to the basis of fair hearing and trial because the procedural apparatus never assured the [petitioner] a fair determination" of his guilt or innocence. *Linkletter* v. *Walker, supra,* at 639, n. 20. As we said in *Bruton:*

> "[T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations

of the jury system cannot be ignored. . . . Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant . . . are deliberately spread before the jury in a joint trial." 391 U. S., at 135–136.

Due regard for countervailing considerations—reliance on the old standard of *Delli Paoli* and the impact of retroactivity upon the administration of justice, *Stovall* v. *Denno, supra,* at 298—does not counsel against retroactivity of *Bruton.* The element of reliance is not persuasive, for *Delli Paoli* has been under attack from its inception and many courts have in fact rejected it. See *Bruton* v. *United States, supra,* at 128–135 and nn. 4, 8, 10. And even if the impact of retroactivity may be significant, the constitutional error presents a serious risk that the issue of guilt or innocence may not have been reliably determined.

The motion for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted. The judgment of the Court of Appeals is vacated and the case is remanded to the District Court for further consideration in light of *Bruton* v. *United States, supra.*

*It is so ordered.*

MR. JUSTICE BLACK concurs in the Court's holding as to retroactivity for the reasons given in his dissent in *Linkletter* v. *Walker,* 381 U. S. 618, 640, and not for the reasons given in the Court's opinion today.

MR. JUSTICE HARLAN and MR. JUSTICE WHITE dissent for the reasons stated in MR. JUSTICE WHITE's dissenting opinion in *Bruton* v. *United States,* 391 U. S. 123, 138 (1968).