The People of the State of New York, Respondent, *v.* Carlos Ortiz, Appellant.

First Department, November 7, 1968.

*Emanuel P. Popolizio* of counsel (*Anthony F. Marra,* attorney), for appellant.

*Daniel J. Sullivan* of counsel (*Burton B. Roberts, Acting District Attorney*), for respondent.

Tilzer, J. In the course of robbing Alexander Helmer, a man in his seventies, the then 17-year-old defendant-appellant Carlos Ortiz confessed that he held the old man's arms while his companion stabbed Helmer to his death. Carlos' brother, Alfred, and a third individual, Valencia, of the four men implicated in the murder, also confessed to their complicity in the crime. Upon a second trial, the Ortiz brothers were convicted of felony murder and each was sentenced to prison for the term of his natural life. We have previously affirmed the conviction of Alfred (30 A D 2d 641).

Here we deal with a joint trial where no motion for a severance was made. Unquestionably, a joint trial was desired by all defendants to take advantage of discrepancies in their confessions introduced at the prior joint trial. The Ortiz brothers fixed the time of the robbery-murder as shortly after noon of October 9, 1964, while Valencia, who was working during the daylight hours of October 9, pinpointed the evening as the time of the criminal event. The conclusion that appellant hoped to profit from these conflicts and that his failure to move for a severance was a purposeful decision " reached as a strategic choice at the trial " (*People* v. *De Renzzio,* 19 N Y 2d 45, 50–51), is not based on " mere speculation." It is the only conclusion

that can be drawn from the fact that appellant, as well as his codefendants (one of the attorneys participated in both trials), had available the transcript of the first trial which ended in a disagreement and which disclosed the inconsistencies as to the time of the murder. " A defendant is entitled to a fair trial but not a perfect one " (*Bruton* v. *United States*, 391 U. S. 123, 135), and it is not for us to " determine he should have done that which he had decided advisedly not to do." (*People v. De Renzzio, supra*, at p. 51.) Be that as it may, in the three statements of guilt each of the defendants confessed fully and each admission is consistent as to the plot and as to the execution of the crime. In these circumstances it would have served the appellant naught to have been confronted by his codefendants. We conclude that the jury did follow the Trial Judge's instructions that they could consider a confession by a defendant as evidence against the confessor only. But even assuming the existence of constitutional error in the admission into evidence at the second trial of the confessions previously redacted in part and admitted at the first trial, " Not every admission of inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limiting instructions " (*Bruton* v. *United States, supra*, p. 135). Applying the standard formulated by the Supreme Court to test the gravity of constitutional error, we are convinced beyond a reasonable doubt that if there was error it did not contribute to the verdict obtained against appellant. (*Chapman* v. *California*, 386 U. S. 18, 24.)

The judgment should be affirmed.

RABIN, J. (dissenting). I vote to reverse and order a new trial. Appellant and two others were tried jointly for murder. At the trial, in addition to appellant's own confession, the unredacted confessions of his codefendants were received in evidence over appellant's objection, the jury being instructed to consider each confession only against the one who made the confession. This I believe was error and constituted a denial of appellant's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment. (*People* v. *Jackson*, 22 N Y 2d 446; *Bruton* v. *United States*, 391 U. S. 123; *Roberts* v. *Russell*, 392 U. S. 293.) If effective redaction is not possible, appellant is entitled to a separate trial at which the extrajudicial statements of his accomplices will be excluded. (*People* v. *Jackson, supra*; *People* v. *Boone*, 22 N Y 2d 476.)

We cannot say that there was no prejudice to appellant because he too confessed. Such a confession, or other legally sufficient evidence upon which to base a conviction, does not

neutralize " ' the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining [appellant's] guilt ' " (*People* v. *Boone, supra,* p. 484.) In *People* v. *Jackson* (*supra*), the New York Court of Appeals reversed the conviction despite the fact that there too the defendant had confessed. (See, also, *Evans* v. *United States,* 375 F. 2d 355, revd. *sub nom. Bruton* v. *United States, supra.*)

It is urged that in view of the fact that no motion for a severance was made in the trial court, the constitutional question has not been preserved for appellate review. The basis for such a position is that appellant's failure to move for a separate trial may well have been a tactical maneuver calculated to put before the jury the conflicts in the various confessions. There is no certainty that the failure to move for a severance was a tactical maneuver and we should not deprive a man of a constitutional right on mere speculation. However, even assuming the failure to move for a severance were a tactical maneuver, I am constrained to conclude that appellant's constitutional rights have been violated. In *Evans* v. *United States* (*supra*), revd. *sub nom. Bruton* v. *United States* (*supra*), the United States Court of Appeals for the Eighth Circuit affirmed a conviction, relying in part upon the defendant's failure to move for a severance and hypothesizing that such failure was a tactical maneuver. Nevertheless, the United States Supreme Court reversed and ordered a new trial on the ground of denial of the right of confrontation. It is quite apparent, therefore, that the failure to move for a severance is not here fatal, and the objection to the prejudicial matter at trial was sufficient to preserve appellant's Sixth Amendment contention. (See *Evans* v. *United States, supra,* revd. *sub nom. Bruton* v. *United States, supra.* See, also, *People* v. *Pollack,* 21 N Y 2d 206.)

Steuer, J. P., McGivern and McNally, JJ., concur with Tilzer, J.; Rabin, J., dissents in opinion.

Judgment of conviction affirmed.