UNITED STATES of America,
Appellee,

v.

Paul R. JONES, Appellant.

No. 147, Docket 30925.

United States Court of Appeals
Second Circuit.

Submitted Sept. 10, 1968.

Decided Nov. 14, 1968.

Herbert Monte Levy, and Hofheimer, Gartlir, Hofheimer, Gottlieb & Gross, New York City, for appellant.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, Stephen F. Williams and Douglas S. Liebhafsky, Asst. U. S. Attys., for appellee.

Before MOORE, FRIENDLY and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Paul R. Jones was convicted of perjury on trial to the jury in the United States District Court for the Southern District of New York, William B. Herlands, Judge, and Jones appealed. We affirmed, United States v. Jones, 2 Cir., 374 F.2d 414. On application by Jones for certiorari from our decision affirming his conviction, the judgment was vacated and the appeal remanded, 392 U.S. 299, 88 S.Ct. 2050, 20 L.Ed.2d 1104 (1968), for our consideration in the light of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

On reconsideration we have come to the conclusion that the conviction cannot stand in the light of Bruton v. United States, supra. The court had correctly charged that the jury could consider Mittelman's affidavit in determining the meaning of Jones' affidavit on which the perjury charge was based only if Jones knew of Mittelman's affidavit. The court further charged that Mittelman's grand jury testimony could not be considered in determining the guilt or innocence of Jones. However, the most persuasive, if not indeed the sole evidence of Jones' knowledge of Mittelman's affidavit was Mittelman's grand jury testimony. In view of this, we must conclude that there was more than a fair likelihood that the jury was unable to perform the feat enjoined on it by the court's instructions to disregard that testimony. Since it was crucial testimony outside of court not subject to cross examination on behalf of Jones, cf. Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), it comes under the

interdiction of *Bruton*, made applicable retroactively by Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968).

We must therefore reverse Jones' conviction and remand for new trial. Reversed and remanded.