PEOPLE *v.* CURLEY

PEOPLE *v.* SHAW

CRIMINAL LAW—EVIDENCE—PROOF OF SIMILAR OFFENSES.
> Admission of evidence tending to show that a person who was accused of murdering another in the course of an armed robbery had committed similar robberies on previous occasions *held,* prejudicial to the rights of defendant and thus grounds for reversal in the circumstances of the case.

Appeal from Recorder's Court of Detroit, Groat (Gerald W.), J. Submitted Division 1 October 8, 1968, at Detroit. (Docket No. 3,553.) Decided November 25, 1968.

Curtis Curley and Alvin Shaw were convicted of first-degree murder. Defendants' delayed motion for new trial denied. Defendants appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Marshall C. Hill,* for defendants.

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 320 *et seq.*

Per Curiam. Defendants were jointly tried and convicted of first-degree murder* by a jury. We find reversible error occurred during the course of the trial as to each of the defendants for the following reasons.

Defendant Shaw was seriously prejudiced by the introduction of evidence of similar robberies committed by him. See *People* v. *Askar* (1967), 8 Mich App 95.

Defendant Curley's conviction violated the constitutional mandate of *Bruton* v. *United States* (1968), 391 US 123 (88 S Ct 1620, 20 L Ed 2d 476), made retroactive and effective upon the States in *Roberts* v. *Russell* (1968), 392 US 293 (88 S Ct 1921, 20 L Ed 2d 1100). Unlike the situation in *People* v. *Shirk* (1968), 10 Mich App 121, defense counsel made spontaneous objections to the use of such statement.

Reversed and remanded for new trial.

J. H. Gillis, P. J., and R. B. Burns and Kelley, JJ., concurred.

---

* CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).