LILES, Chief Judge.
Appellant, Nicholas Cappetta, along with his brother, Anthony Cappetta, was convicted on May 16, 1962, of possessing burglary tools. Their conviction was appealed to this court and the opinion cited at 155 So.2d 185 affirmed the conviction.
On October 18, 1968, appellant filed in the Criminal Court of Record for Hillsbor-ough County his motion to vacate judgment and sentence under Rule 1.850, Cr PR, 33 F.S.A. On November 13, 1968, the trial judge denied appellant’s motion to vacate.
Appellant and his brother were apprehended at the rear of a building in Tampa, Florida. Anthony Cappetta acknowledged to one of the officers that two crowbars discovered near the building belonged to him and his brother. He then volunteered to and did lead the officer to the hiding place where the rest of the burglary tools were found. This information was allowed into evidence at the trial of the cause where both the appellant and his brother Anthony were being tried as codefendants. However, the trial judge twice admonished the jury to disregard those portions of Anthony’s admission that pertained to Nicholas Cappetta. Neither defendant took the stand during the trial. On appeal, this court held that even though this admission by the one codefendant was inadmissible as to the other, it was properly admitted at the trial of both since the trial judge, in addition to the two admonitions to disregard during the trial, instructed the jury that the statement made by Anthony Cap-petta was not to be considered against the other defendant who was absent when the statement was made. This charge was held sufficient to obviate the prejudicial effect of the admission as against Nicholas.
However, since this decision was rendered, the United States Supreme Court in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, held that to admit such testimony against Nicholas Cap-petta would be error and that to expect the jury to disregard such testimony in their deliberation was unrealistic. The Court said:
“We hold that, because of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining petitioner’s guilt, admission of Evans’ confession in this joint trial violated petitioner’s right of cross-examination secured by the Confrontation Clause of the *242 Sixth Amendment. We therefore overrule Delli Paoli and reverse.” 391 U.S. at 126, 88 S.Ct. at 1622, 20 L.Ed.2d at 479.
Subsequently, in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100, the Court made the rule in Bruton retroactive and applicable to the states. The Court said:
“Although Bruton involved a federal prosecution and this is a State prosecution, the right of cross-examination secured by the Confrontation Clause of the Sixth Amendment is made applicable to the' States by the Fourteenth Amendment. * * *
“The retroactivity of the holding in Bru-ton is therefore required; the error ‘went to the basis of fair hearing and trial because the procedural apparatus never assured the [petitioner] a fair determination’ of his guilt or innocence.” 392 U.S. at 294, 88 S.Ct. at 1922, 20 L. Ed.2d at 1102.
This court in a petition for rehearing in Branch v. State, Fla.App.1968, 212 So.2d 29, applied the ruling in Bruton and Russell, and said:
“The trial court no longer has any discretion concerning this issue and the United States Supreme Court has now, after the game is over and the score is in, said the rules are changed and the game must be played again. The trial judge was right at the time of the trial, but wrong at the time of the appeal.” 212 So.2d at 33.
Therefore, it is our opinion that the trial judge was correct in its ruling at the trial of this cause, but, because of the intervening decisions, was incorrect in denying Nicholas Cappetta’s motion to vacate judgment and sentence under CrPR 1.850. We must reverse and remand with directions for a new trial consistent with this opinion.
HOBSON and McNULTY, JJ., concur.