■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD CAMPBELL, Appellant.— Pursuant to a previous determination by this court (*People* v. *Campbell*, 24 A D 2d 884), this appeal by defendant from a judgment of the former County Court, Kings County, rendered April 9, 1959, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence upon him as a second felony offender, has been held in abeyance, pending a hearing and further proceedings in accordance with *People* v. *Huntley* (15 N Y 2d 72). After such hearing, an order was made by the Supreme Court, Kings County, dated April 14, 1966, adjudging defendant's confession to have been voluntary; and defendant has also appealed from this order. Order of April 14, 1966, affirmed. Judgment of April 9, 1959, reversed, on the law and in the interests of justice, and new trial ordered. The findings of fact are affirmed. Subsequent to the *Huntley* hearing in this case, the Supreme Court of the United States held in *Bruton* v. *United States* (391 U. S. 123) that, despite instructions to the jury to disregard the implicating statements of a codefendant in determining a defendant's guilt or innocence, admission at a joint trial of such an extrajudicial confession violated the latter's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment. *Roberts* v. *Russell* (392 U. S. 293) made the *Bruton* rule retroactive. Consequently, we must now determine this appeal in light of the rules enunciated in *Bruton*. Appellant and his codefendant were tried jointly. At the end of the People's case defendants rested, neither one having taken the stand or having called any witnesses in his own behalf. The voluntariness of appellant's confession was a major issue at the trial; and a *voir dire* examination was conducted as to it and the trial court charged the jury with respect thereto. Where two or more defendants are tried jointly, a confession given by one of them which inculpates the other may not be received in evidence unless " ' all parts of the extrajudicial statements implicating * * * [the latter] can be and are effectively deleted ' " (*People* v. *La Belle*, 18 N Y 2d 405, 410). In this case, effective redaction is not possible, because the codefendant's admission of guilt was so interrelated with the actions of appellant that it is impossible to separate them. The confession of the codefendant which was admitted into evidence at the joint trial without the opportunity for cross-examination by appellant under the Sixth Amendment was not admissible against appellant. Although the trial court charged the jury that the statement of the codefendant implicating appellant in the robbery was not binding on appellant, these instructions were not an adequate substitute for appellant's right of cross-examination (*Bruton* v. *United States*, 391 U. S. 123, *supra*; *Roberts* v. *Russell*, 392 U. S. 293, *supra*; *People* v. *Jackson*, 22 N Y 2d 446).

Appellant was denied a fair trial and is entitled to be tried separately and to have the extrajudicial statement of his codefendant excluded. With respect to appellant's own confession, the proof at the *Huntley* hearing established that it was voluntary and we are therefore affirming the order which so held. Christ, Brennan, Rabin and Benjamin, JJ., concur; Beldock, P. J., dissents in part and votes to affirm the judgment and the order, with the following memorandum: Appellant and a codefendant were tried jointly for robbery. At the trial, *in addition to appellant's own confession to this crime*, the confession of the codefendant implicating appellant was received in evidence. Each of the defendants confessed fully and each admission was consistent as to the execution of the crime and the defendants' involvement therein. The jury was properly instructed to consider each confession only against the one who had made it. The majority of this court is of the view that the admission into evidence of the unredacted confession of the codefendant violated appellant's right of confrontation and deprived him of a fair trial, within the purview of *Bruton* v. *United States* (391 U. S. 123). In my opinion the reasoning of *Bruton* is not dispositive here. That case involved a defendant who had not confessed and who was tried with a codefendant who had confessed. At bar, appellant himself confessed and his confession fully supports the confession of his codefendant. "Where the jury has heard not only a codefendant's confession but the defendant's own confession no such 'devastating' risk attends the lack of confrontation as was thought to be involved in *Bruton*" (*United States ex rel. Catanzaro* v. *Mancusi*, 404 F. 2d 296, 300). Moreover, in view of appellant's own confession, the introduction into evidence of his codefendant's confession involved no material prejudice to appellant. I am in accord with the views expressed by the majority in *People* v. *Ortiz* (30 A D 2d 510, 511) where, under similar circumstances, the court stated that "Applying the standard formulated by the Supreme Court to test the gravity of constitutional error, we are convinced beyond a reasonable doubt that if there was error [admission into evidence of the codefendant's confession] it did not contribute to the verdict obtained against appellant".