■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NATHAN MOORE, Appellant.— Order entered on September 18, 1968, unanimously affirmed. Concur — Eager, J. P., Capozzoli and McNally, JJ.; Nunez, J., concurs in the following memorandum: Defendant appeals from an order denying *coram nobis* relief without a hearing. Appellant with two others (Eugene Topping and Elizabeth McCormick) was accused of murdering one Mayme Wright. He was convicted of murder in the first degree after a joint trial and on January 21, 1957 sentenced to life imprisonment. A detective who had interrogated appellant shortly after the murder testified at the trial to inculpatory statements made by appellant admitting in effect that he had placed his arm around the victim's neck applying enough pressure to render her unconscious. The statements amounted to complete confession of his guilt of the victim's murder. Codefendant McCormick testified; although she did not see the actual strangulation of the deceased she implicated Moore in the robbery and murder. Appellant did not testify nor did codefendant Topping. The People offered and read into evidence a statement of codefendant Eugene Topping which unequivocally refers to appellant by name and explains how appellant was " trying to put her [deceased] out  *  *  *  with a strangle hold around the neck." Appellant contends that the admission of Topping's statement was a denial of his right of confrontation and cross-examination which cannot be cured without a new trial. His contention is predicated on recent decisions of both the United States Supreme Court and the Court of Appeals. (See *Bruton* v. *United States,* 391 U. S. 123; *People* v. *Jackson,* 22 N Y 2d 446; *People* v. *Baker,* 23 N Y 2d 307; *Roberts* v. *Russell,* 392 U. S. 293.) In *People* v. *Baker* (*supra,* p. 317) decided by the Court of Appeals November 27, 1968, the court said: " Defendants stand convicted of a particularly vicious crime. That there is ample evidence to establish the guilt of all six beyond a reasonable doubt (only three even bother to raise this issue) is clear from the record. We are, however, constrained by principle and precedent to reverse the judgments below and order new trials as to all of defendants because of errors committed at the trial, which deprived the defendants of a fair trial and resulted in a constitutionally defective trial. The prime error which compels a reversal and a new trial as to all the defendants is the implication of the defendants in the crime by the confessions and

statements of some of their codefendants." The Court of Appeals, however, in the very recent case of *People* v. *Pelow* (24 N Y 2d 161, 167) held that although a codefendant's statement was improperly received it would nevertheless affirm appellant's conviction. The court said in part as follows: " While we acknowledge the impropriety which occurred when this statement was introduced, we cannot accept the defendant's contention that this single error mandates a new trial * * * The independent evidence is overwhelming, however, when we consider defendant Pelow's guilt. * * * It should be noted that we neither approve nor condone the admission of this statement against the defendant Pelow. However, as the Supreme Court remarked in *Bruton,* '" A defendant is entitled to a fair trial but not a perfect one." *Lutwak* v. *United States,* 344 U. S. 604, 619 * * *' (391 U. S., p. 135). Were this statement deleted from the record, there would remain an overabundance of admissible evidence establishing the defendant's guilt beyond a reasonable doubt. (See *People* v. *Kingston,* 8 N Y 2d 384, 387; *People* v. *Cocoa,* 305 N. Y. 282, 288.) The error committed must, therefore, be considered harmless pursuant to our rules of criminal procedure. (Code Crim. Pro., § 542.)" The statement referred to in the above quotations was by Pelow's codefendant who admitted that she accompanied Pelow and another man when they purchased some tools which were later identified as tools used in the burglary of which Pelow was convicted. The court also noted that the purchase of the tools in and of itself (which was the only statement made by the codefendant implicating Pelow) was not a criminal act and was not a basis for the punishment subsequently imposed. Rather, the statement merely referred to the commission of an act preparatory to the burglary. As in *Pelow,* in this case "the independent evidence is overwhelming, when we consider defendant" Moore's guilt. Were it not for the Court of Appeals' ruling in *Pelow,* which seems to be in conflict with *People* v. *Baker,* I would have voted to reverse and order a new trial. However, *Pelow* is the latest pronouncement of the Court of Appeals on this subject and it is only for that reason that I vote to affirm.