**UNITED STATES of America ex rel. Robert W. THOMAS**

**v.**

**COMMONWEALTH OF PENN-SYLVANIA.**

Misc. No. 69-148.

United States District Court
E. D. Pennsylvania.

May 13, 1969.

R. W. Thomas, pro se.
No appearance for defendant.

## OPINION

JOSEPH S. LORD, III, District Judge.

Habeas corpus. The relator was one of four men convicted in separate trials of conspiracy and murder in the slaying of one Mrs. Lulubel Rossman in Philadelphia on July 3, 1955. A *nolle pros* was entered on the conspiracy charge and Thomas was sentenced to life imprisonment for murder in the first degree. The relator appealed his conviction in the state courts on largely the same grounds raised here. Commonwealth v. Thomas, 410 Pa. 160, 189 A.2d 255, 5 A.L.R.3d 879.

In the state courts, the relator argued, first, that Pennsylvania lacked jurisdiction to try him for a *felony murder* committed in Pennsylvania, since he was absent therefrom when the crime was committed; second, that certain hearsay testimony was improperly admitted into evidence; and third, that the charge to the jury was unfair because it allegedly emphasized unduly the Commonwealth's evidence, misstated the evidence, and permitted the jury to speculate. These contentions were decided against him.

Here, the relator argues that the Commonwealth was without jurisdiction to try him for a *conspiracy* (as opposed to the substantive crime of murder) conducted in Florida and Oklahoma; second, that the admission of hearsay testimony under the state of mind exception, Nuttall v. Reading Co., 235 F.2d 546 (3 Cir. 1956), deprived him of a fair trial; and third, that the charge was unfair in its emphasis on the Commonwealth's evidence and its definition of circumstantial evidence, tacit admissions, and inferences regarding the conviction of alleged accomplices.

## I.

The relator's first allegation can be dismissed summarily, for three reasons. First, this question—lack of jurisdiction to try the relator for the conspiracy—has not yet been presented to the state courts and, in the interest of comity, we should not reach the merits of it at this juncture. 28 U.S.C. § 2254. Second, in light of the fact that the conspiracy charge was *nolle prossed* the Commonwealth's lack of jurisdiction *vel non* is now irrelevant and thus a lack of jurisdiction over the conspiracy charge would be harmless error under Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Third, if we were to decide this jurisdictional question, we would be led to the conclusion that the Commonwealth did in fact have jurisdiction to subject to its criminal laws persons engaged in a conspiracy part of which, indeed the most abhorrent part of which, took place within the Commonwealth. *Cf.* Commonwealth v. Thomas, *supra.*

## II.

Hearsay testimony was admitted against Thomas at trial under the so-called "state of mind" exception. Some of this testimony was held by the Pennsylvania Supreme Court to be properly admitted under this exception. Commonwealth v. Thomas, *supra.* The remainder of this testimony was stated to have been justifiable, but in any case, the court held that "its reception into evidence was clearly harmless error." Commonwealth v. Thomas, *supra*, 410 Pa. at 170, 189 A.2d at 260. Not open to question here, then, is the admissibility of the testimony under the Pennsylvania rules of evidence nor the finding of harmless trial error. Our inquiry, however, does not stop here. Today, an allegation that the admission of hearsay testimony deprived a defendant of a fair trial raises a question under the Confrontation Clause of the Sixth Amendment more clearly than when the relator had his trial and appeal. See, *e. g.,* Bruton v. United States, 391 U.S.

123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968). Even if the state court had correctly decided that the testimony was either properly admitted, or if improperly admitted, was harmless error, we must address ourself to the constitutional implications in these evidentiary trial rulings. It is noteworthy that in *Bruton* the Supreme Court has left open the question whether certain hearsay testimony, admissible under certain recognized exceptions to the hearsay rule, would violate a defendant's right to cross-examination under the Confrontation Clause. 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, at 480, n. 3.

On these unknown waters we need not yet embark without first allowing the courts of the Commonwealth an opportunity to chart their course, in the interest of comity. 28 U.S.C. § 2254. Significantly, Thomas' appeal was decided almost two years before the Supreme Court held that the Confrontation Clause of the Sixth Amendment is a "fundamental right and is made obligatory on the States by the Fourteenth Amendment." Pointer v. Texas, 380 U.S. 400, 403, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923 (1965). In this context we think it highly unlikely that the Pennsylvania courts had a fair opportunity to adjudicate the constitutional claims that may be inherent in the admission of this hearsay. Consequently, we believe that under these circumstances the relator must return to the state courts to exhaust his remedies under the Post-Conviction Hearing Act, 19 P.S. § 1180–1 *et seq.* It should be noted, further, that the conclusion of the Pennsylvania Supreme Court of harmless *trial* error was not a finding of harmless *constitutional* error beyond a reasonable doubt in accordance with Chapman v. California, *supra.*

### III.

We are unconvinced that the portion of the charge of the trial court appended to relator's petition, even taken out of con-

text, supports a claim of fundamental constitutional error such as to constitute a denial of his right to a fair trial guaranteed by the due process clause of the Fourteenth Amendment.

Therefore, the petition must be and hereby is denied, as to the first two, claims, without prejudice.

There is no probable cause for appeal.

Is it so ordered.