STATE OF NEBRASKA, APPELLEE, v. EWATHER HALL, APPELLANT.

178 N. W. 2d 268

June 19, 1970. No. 37365.

Fred J. Montag, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, McCOWN, and NEWTON, JJ.

McCOWN, J.

Petitioner Ewather Hall and a codefendant, Curtis Rowland, were charged with murder in the first degree while in the perpetration of a robbery. The crime was committed on December 9, 1961. In a joint trial, both defendants were found guilty by a jury and death pen-

alties imposed upon both. The conviction of petitioner was affirmed by this court, but the sentence was modified to life imprisonment. See State v. Hall, 176 Neb. 295, 125 N. W. 2d 918. Petitioner began this proceeding for post conviction relief in 1967, and a full evidentiary hearing was held. The district court denied relief.

The appeal here rests on Bruton v. United States, 391 U. S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). Bruton established the principle that the admission, in a joint trial, of the confession of a codefendant, implicating the defendant in the crime, may be violative of the defendant's right of cross-examination secured by the confrontation clause of the Sixth Amendment, despite the trial court's instructions to the jury that it should disregard the confession in determining the defendant's guilt or innocence. Bruton was made retroactive in Roberts v. Russell, 392 U. S. 293, 88 S. Ct. 1921, 20 L. Ed. 2d 1100 (1968).

In this case, both Hall and his codefendant gave confessions. Each confession established all material elements of the crime charged. The only material difference in the confessions of Hall and his codefendant involved which one struck the victim with a hammer and which one shot him with a gun. Any of the confessions established the guilt of both defendants as principals, regardless of who wielded which weapon.

Hall and his codefendant both refused to testify at the joint trial and the State introduced the confessions of both into evidence over objections. The court submitted the standard cautionary instructions, both orally during the course of the trial and in written form at the conclusion of the trial. The instructions and procedure were consistent with the existing law prior to Bruton.

The Supreme Court in Bruton recognized that there are situations where joint trials will continue to be proper and where an appropriate instruction is sufficiently protective. It said: "Not every admission of

inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limiting instructions; instances occur in almost every trial where inadmissible evidence creeps in, usually inadvertently. 'A defendant is entitled to a fair trial but not a perfect one.' * * * It is not unreasonable to conclude that in many such cases the jury can and will follow the trial judge's instructions to disregard such information."

Since Bruton, courts have applied its principles on a case-by-case basis to determine where "the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." Bruton v. United States, *supra.* See the analysis of federal cases on the issue by Judge Blackmun in Slawek v. United States, 413 F. 2d 957 (8th Cir., 1969).

In United States ex rel. Catanzaro v. Mancusi, 404 F. 2d 296 (2d Cir., 1968), that court pointed out that Bruton involved a defendant who did not confess and who was tried along with a codefendant who did. The defendant Catanzaro had confessed and his confession interlocked with and supported the confession of his codefendant. The court said: "Where the jury has heard not only a codefendant's confession but the defendant's own confession no such 'devastating' risk attends the lack of confrontation as was thought to be involved in Bruton." See, also, State v. Aiken, 452 P. 2d 232 (Wash., 1969), which involves a basic factual situation analogous to the case at bar.

Here the petitioner made not only one confession but two. All confessions of petitioner and his codefendant agreed that the robbery and murder took place entirely in their joint presence and with both actively participating. Petitioner's first confession materially differed from his codefendants only as to which defendant held the gun. Petitioner's second confession corre-

sponded in all material respects with his codefendant's confession. Determination of petitioner's guilt, in any realistic sense, did not turn upon the incriminating statements of his codefendant. The jury had no reason to look beyond petitioner's own statements to reach its conclusion of his individual guilt.

In the context present here, we conclude that the admission of the incriminating statements of a codefendant added no substantial weight to the State's case against the defendant and involved no substantial risk that the jurors could not follow the cautionary and limiting instructions meticulously given by the trial court. Under such circumstances petitioner was not prejudiced.

The judgment is affirmed.

AFFIRMED.