**UNITED STATES of America,
Appellee,**

v.

**Carl D. WHEELER, Appellant.**

**No. 71–1155.**

United States Court of Appeals,
Eighth Circuit.

Oct. 15, 1971.

---

Carl F. Martillaro, Carson City, Nev.,
for appellant.

Richard A. Dier, U. S. Atty., Omaha,
Neb., and William K. Schaphorst, Asst.
U. S. Atty., for appellee.

Before MATTHES, Chief Judge and
BRIGHT and STEPHENSON, Circuit
Judges.

PER CURIAM.

Petitioner, Carl D. Wheeler, was con-
victed of unlawful entry into a bank in-
sured by the Federal Deposit Insurance
Corporation. We affirmed his convic-
tion in Golliher v. United States, 362 F.
2d 594 (8th Cir. 1966). Wheeler then
sought post-conviction relief under 28
U.S.C. § 2255. The district court, Judge
Van Pelt, denied Wheeler's motion to va-
cate his conviction and ten-year sen-
tence. In this appeal, Wheeler argues
that his conviction cannot stand because
at the trial the government introduced
an extra-judicial confession of his co-de-
fendant Holmes contrary to the rule of
Bruton v. United States, 391 U.S. 123,
88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).[1]
We affirm.

At Wheeler's trial, two FBI agents re-
counted a conversation they had with
one of Wheeler's co-defendants, Holmes.
The testimony pertaining to this conver-
sation served to implicate Wheeler in the
crime by name. Holmes did not testify.

In denying relief under § 2255, Judge
Van Pelt noted that he had presided at
Wheeler's first trial, which was declared
a mistrial because of prejudicial publici-
ty, and at his second trial, in which the
guilty verdict was returned. Judge Van
Pelt again reviewed the evidence and
concluded:

> [T]he admission of the confession did
> constitute a violation of Wheeler's
> sixth amendment right of confronta-
> tion under the *Bruton* rule, but
> * * * the case against Wheeler
> was so overwhelming that this viola-
> tion of *Bruton* was harmless error be-
> yond a reasonable doubt.

We have reviewed the evidence pre-
sented at Wheeler's trial. Our review
convinces us that the *Bruton* error was
harmless beyond a reasonable doubt.
*See* Harrington v. California, 395 U.S.
250, 89 S.Ct. 1726, 23 L.Ed.2d 284
(1969). Accordingly, we affirm for rea-
sons enunciated by Judge Van Pelt in
his unreported opinion.

Affirmed.

---

1. The *Bruton* rule applies retroactively. Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20
L.Ed.2d 1100 (1968).