**Junior HOLT, Petitioner,**

v.

**WARDEN OF TENNESSEE STATE PENITENTIARY, etc.,**
**Respondent.**

**No. CIV-2-74-53.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 24, 1974.
Supplemental Opinion July 11, 1974.

No appearance for petitioner.

W. Henry Haile, Asst. Atty. Gen., Knoxville, Tenn., for respondent.

## MEMORANDUM AND ORDER

NESE, District Judge.

This is a *pro se* application by the petitioner Mr. Junior Holt for the federal writ of habeas corpus. He claims that he is in the custody of some unnamed agent of the state of Tennessee *

\* As the applicant claims he is now in custody in the Tennessee state penitentiary, Fort Pillow, Tennessee, the title of this action here-

pursuant to the judgment of the Criminal Court of Greene County, Tennessee in violation of his right of cross-examination, secured by the confrontation clause of the Constitution, Sixth Amendment, 28 U.S.C. § 2254(a), in a previous conviction which was used to enhance his current punishment to life imprisonment. See Burgett v. Texas (1967), 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319.

As the Court understands the application of the petitioner, he claims he was convicted of a felony in the aforenamed state court; that three additional felony convictions were then proved to enhance his punishment to life imprisonment, T.C.A. § 40–2801 et seq.; and that, in one of the prior convictions, he was denied his Sixth Amendment right to cross-examine a codefendant who had confessed and implicated him (the applicant) in the crime confessed. Bruton v. United States (1968), 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. The *Bruton* rule is to be applied retroactively. Roberts v. Russell (1968), 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100. The applicant claims that he exhausted the remedies, by every right under the law of Tennessee to raise by any available procedure the question here presented. 28 U.S.C. § 2254(b), (c).

It not appearing from the application that the applicant is not entitled to the federal writ of habeas corpus, the respondent will make a return certifying the true cause of the applicant's detention and showing any cause why the writ should not be granted. 28 U.S.C. § 2243. Good cause therefor appearing from the current movement of the mail, such return and cause will be made and shown within 20 days herefrom. *Idem.*

Other matters are reserved.

## SUPPLEMENTAL OPINION AND CERTIFICATE

It appears from the further response of May 29, 1974 of the respondent herein

by is amended to reflect that the respondent is: Warden of Tennessee State Penitentiary, Fort Pillow, Tennessee.

that the applicant Mr. Holt undertook to attack a conviction of September 22, 1966, which had been utilized to enhance his punishment for burglary to life imprisonment in the Criminal Court of Greene County, Tennessee, in his application of August 31, 1967 for relief under the Tennessee Post-Conviction Procedure Act, T.C.A. § 40–3801 et seq. to the same state court. It was Mr. Holt's claim that he was denied the right to cross-examine a codefendant in the 1966 trial, whose confession was admitted in evidence against Mr. Holt. This was prior to the decision of the Supreme Court of the United States in Bruton v. United States (1968), 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, in which the issue of the inadmissibility of such evidence was recognized.

Relief under the Tennessee Post-Conviction Procedure Act, *supra*, is grantable " * * * when the conviction or sentence is void or voidable because of the abridgment in any way of any right guaranteed by the Constitution of this state or the Constitution of the United States, including a right that was not recognized as existing at the time of the trial if either Constitution requires retrospective application of that right." T.C.A. § 40–3805. The *Bruton* ruling, *supra*, is retroactively applicable in state prosecutions, since the rule corrected a serious flaw in the fact-finding process at trial. Roberts v. Russell (1968), 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100. It would appear therefore, that the applicant has not exhausted the remedies available to him in the courts of Tennessee, because he has the right under Tennessee law to raise by an available procedure the question presented here, 28 U.S.C. § 2254(b), (c), unless it may be said that circumstances exist which render available corrective process of the state of Tennessee ineffective to protect his rights.

The respondent admitted that the matter of Mr. Holt's relief has moved too slowly through the courts of Tennessee; but, he contends that this does not result from the ineffectiveness of the Tennessee corrective process to protect the rights of the prisoner. Entertaining a wholesome respect for the right of the sovereign state of Tennessee to provide and effectuate its own remedies in such matters, this Court will agree in this instance.

The application of the petitioner Mr. Junior Holt for the federal writ of habeas corpus, accordingly, hereby is denied only for the reason that he has failed to exhaust his state remedies with respect to the question he presents here. Rule 58(1), Federal Rules of Civil Procedure. Should Mr. Holt not be accorded proper relief in the courts of Tennessee within a reasonable time, he may reapply to this Court for relief by simple motion to revive this action.

In the event Mr. Holt gives timely notice of an appeal herefrom, he is authorized to proceed on any such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), Federal Rules of Appellate Procedure. As the issue considered is so narrow, such certificate in that event will issue.