Robert W. **TAGGART**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 45S00–8812–CR–972.

Supreme Court of Indiana.

July 10, 1992.

Susan K. Carpenter, Public Defender, Linda G. Nicholson, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Following a jury trial in 1976, appellant Robert W. Taggart was convicted of Murder in the First Degree, Ind. Code 35–13–4–1 (repealed 1976) (current version at I.C. 35–42–1–1), and sentenced to life imprisonment. He was tried jointly with co-defendants Samuel Gutierrez, William McCall, and James Slagley, all of whom were convicted. Gutierrez, McCall and Slagley appealed, and their consolidated appeal was decided in *Gutierrez v. State* (1979), 271 Ind. 639, 395 N.E.2d 218. Appellant now brings this direct appeal, in belated fashion.

The evidence produced at trial, viewed in a manner favorable to the verdict, points to appellant as the leader of an organization that planned in 1975 to start up a lottery, with tickets to be sold in local bars in northwest Indiana. Most of the bar owners refused to sell the tickets, which were printed at the direction of appellant, and appellant then instructed an organization member, Serwatka, to destroy a Gary bar. Serwatka used an explosive device to destroy the Brother's Lounge; however, the bar owners were not persuaded to sell the tickets, and Taggart then suggested that a murder be committed to show the bar owners he "meant business."

On April 10, 1975, Leo Sabonis, owner of the Playpen Lounge, Irene Cjaza, a waitress, and her daughter, Donna Cjaza, were in Sabonis's bar late in the evening. William McCall entered the bar and ordered a drink, and then went to the restroom. Irene recognized him as a person who had come into the bar the night before. She then looked out the window and noticed a man standing outside the bar. Becoming suspicious, she went to the bar to get a gun from underneath the counter. As she reached for the gun, Slagley fired a shotgun through the front door, hitting her in the head. McCall then emerged from the restroom and fatally shot Sabonis and wounded Donna. Appellant was not present at the shooting scene, but the shootings were eventually linked to four other murders and appellant was implicated by organization members who were arrested.

Appellant bases this direct appeal on several claims of error, which relate to: (1) sufficiency of comprehension to stand trial; (2) venue of the trial; (3) separate trials; (4) admission of co-defendant's confession; and (5) other crimes evidence. Because we reverse appellant's conviction and remand for retrial due to the violation of appellant's Constitutional right of confrontation, (4) above, it is unnecessary for us to consider the remaining issues.

The confession of co-defendant McCall was introduced into evidence, over Taggart's objection, at their joint trial after being redacted to remove all reference to the existence of Taggart, Slagley and Gutierrez. McCall did not testify at trial. In our written opinion in *Gutierrez*, we held that this very same redacted confession of McCall was properly admitted as against Gutierrez and Slagley, saying:

> Appellant McCall ... chose not to testify at trial. His confession was redacted to delete references to his co-defendants. We think the trial court effectively deleted the impermissible references in McCall's confession. Specific names were deleted from McCall's statement in only seven places. The resulting blanks, however, did not lead to a reasonable inference that McCall was referring to his co-defendants. Several times in the

course of his statement, McCall referred by name to other persons who were involved in the events but who were not co-defendants. He also used the pronouns "we" and "he" in describing the activities of himself and other persons who were not necessarily co-defendants. Thus, viewing the redacted form of the statement in its entirety, we believe the redactions effectively shielded appellants Slagley and Gutierrez from the taint of McCall's out-of-court declarations.

*Id.* at 643, 395 N.E.2d at 221. The questions presented in this case are whether this same confession of McCall was properly admitted as against Taggart and, if it was not, whether such error was harmless beyond a reasonable doubt.

Since our consideration of the admission of the McCall confession in *Gutierrez,* the United States Supreme Court has decided the cases of *Richardson v. Marsh,* 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987), and *Cruz v. New York,* 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987), which were considered by this Court in *Townsend v. State* (1989), Ind., 533 N.E.2d 1215. In *Richardson* the Court considered the confession of a non-testifying co-defendant from which references to other defendants had been adequately redacted. Other evidence introduced at trial nevertheless linked the other defendants to the written confession. The Court held that while the confrontation clause does not totally bar the admission of such a redacted confession made incriminatory through linkage by other evidence, as it does a confession which makes a specific reference to a codefendant, *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the clause does bar the admission of such a redacted, yet linked, confession in the absence of a limiting jury instruction, namely an instruction which advises the jury that the confession is limited in applicability to the confessor. *Bruton* was made retroactive in *Roberts v. Russell,* 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968). *Richardson* is simply a careful application of the protection afforded by *Bruton* to the Constitutionally protected right of cross-examination and should likewise be retroactive.

In the case at bar appellant Taggart is linked to McCall's redacted confession through trial testimony that he was the leader of the criminal lottery scheme and coerced the actual perpetrators to kill in furtherance of that scheme through his threats to them and their families. There was no limiting jury instruction. The trial court erred in admitting McCall's confession at this joint trial to be used against Taggart.

Not every Constitutional error, however, automatically requires the sanction of a reversal of the ensuing criminal conviction. A *Bruton* error may be harmless beyond a reasonable doubt. *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Appellant's conviction largely rests upon the testimony of witnesses who sought a benefit from the State for their disclosures or sought to shift culpability from themselves onto Taggart. Their credibility was therefore a crucial issue in this case. Taggart did not confess or testify. Under the circumstances there is a reasonable possibility that the improperly admitted confession of McCall contributed to appellant's conviction. Thus, the admission into evidence of this confession was not harmless beyond a reasonable doubt. *Schneble v. Florida,* 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972).

Accordingly, we reverse appellant's conviction and remand this cause for retrial.

SHEPARD, C.J., and DICKSON, J., concur.

GIVAN, J., dissents with separate opinion in which KRAHULIK, J., concurs in result.

KRAHULIK, J., dissents with separate opinion in which GIVAN, J., concurs in result.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case. First, I cannot agree with the majority that it was error to permit the introduction of a confession of a codefendant when before being introduced in evidence all references to the other code-

fendants, including Taggart, were redacted. It is obvious from the manner in which the redacted confession was submitted to the jury that it was in reference to McCall only.

Even assuming for the sake of argument that the jury was not fully advised in this respect and that error thus occurred, it nevertheless would be harmless error. Although McCall did not testify at trial, appellant's other codefendant, James Slagley, did testify and directly implicated appellant to a much greater degree than could have been surmised from McCall's confession. Assuming the jury did make such a connection with McCall's confession to appellant, such connection would have been no more than cumulative evidence in relation to that presented by Slagley. As conceded by the majority opinion, error which is "harmless beyond a reasonable doubt" will not support a reversal.

I would affirm appellant's conviction.

KRAHULIK, J., concurs in result.

KRAHULIK, Justice, dissenting.

I agree with the majority that retroactive application of *Cruz v. New York* (1987), 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162, and *Richardson v. Marsh* (1987), 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176, results in the determination that the trial court committed error in failing to instruct the jury that McCall's confession should apply to McCall only. However, my review of the redacted statement leads me to conclude that the weight of such statement was minuscule, at most, in comparison to the heavy weight of the live testimony of other witnesses. I, therefore, do not believe that there is a reasonable possibility that the redacted confession of McCall contributed to Taggart's conviction. Thus, I conclude that the admission into evidence of this confession was harmless beyond a reasonable doubt and, consequently, would affirm Taggart's conviction.

GIVAN, J., concurs in result.