**Burton FARMER, Petitioner-Appellant,**

v.

**George A. KROPP, Warden, State Prison of Southern Michigan, Respondent-Appellee.**

**No. 71-1148.**

United States Court of Appeals, Sixth Circuit.

July 19, 1971.

Burton Farmer, pro se.

Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., J. Ronald Kaplansky, Asst. Atty. Gen., Lansing, Mich., on the brief, for appellee.

Before WEICK, EDWARDS and McCREE, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a petition for writ of habeas corpus by the United States District Court in the Eastern District of Michigan, Southern Division.

Two issues are presented on appeal. First, appellant contends that confessions of his codefendants were admitted at his trial, in violation of the rule of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Second, he contends that critical evidence was admitted against him at his state court trial, which evidence had been secured by Detroit police as a result of an illegal and unconstitutional search and seizure.

At appellant's motion, this court required the production of a transcript of his state court trial for murder. The transcript discloses that the trial commenced as a joint trial of four codefendants charged jointly with the murder and robbery for which appellant now stands convicted. The state court record also discloses that midway in the trial three of the codefendants pled guilty and that the trial proceeded to a jury verdict of guilty against appellant. The evidence of appellant's guilt, as revealed in the state court trial, which included his own confession,[1] was overwhelming. One of his codefendants testified at the trial fully about the planning of the robbery and the division of the proceeds afterwards. She was, of course, subject to cross-examination. Our inspection of the record does not show any other inculpatory statements which were quoted from other codefendants out of the presence of defendant.[2] Applying the *Bruton* standard to the state court trial record in this case (*See* Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968)), we find no federal constitutional violation.

The judgment of the District Court is affirmed.

---

1. This confession has previously been found voluntary both by the Michigan Supreme Court, People v. Farmer, 380 Mich. 198, 157 N.W.2d 504 (1968), and by the United States District Court for the Eastern District of Michigan, Farmer v. Kropp, Civ. No. 31488 (Oct. 21, 1969).

2. The court proceedings wherein the guilty pleas of appellant's three codefendants were taken are not included in the trial transcript which was before the District Judge, and is now before this court. We assume, of course, that these proceedings were conducted out of the presence of the jury.