**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John M. ROSINSKI, Defendant-
Appellant.**

**No. 73–1023.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 1, 1973.

Decided Dec. 4, 1973.

---

Martin I. Reisig (Court appointed), Detroit, Mich., on brief, for defendant-appellant.

Ralph B. Guy, Jr., U. S. Atty., Michael D. Gladstone, Asst. U. S. Atty., Detroit, Mich., on brief, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and KRUPANSKY,* District Judge.

PER CURIAM.

Defendant-appellant, John M. Rosinski, was indicted for aiding and abetting another in an attempted robbery of the Self-Reliance Federal Credit Union, located at the corner of Tarnow and Michigan in the City of Detroit, a violation of 18 U.S.C. § 2113(a) and (d). He was found guilty by a jury and was sentenced to 10 years imprisonment.

On review appellant contends that:

1. The verdict is contrary to the weight and sufficiency of the evidence;

2. The prosecutor denied him a fair trial by misleading the Court resulting in a co-defendant being called as a Court's witness;

3. The Court committed reversible error by permitting the prosecution to introduce evidence of a co-defendant's guilty plea.

In the case of United States v. Conti, 339 F.2d 10 (6th Cir. 1964), this Court held:

In considering a contention by an appellant that the evidence is insufficient to support a judgment of conviction, an appellate court will reverse the judgment if it is not supported by substantial and competent evidence, but will not disturb a conviction supported by such evidence. Glasser v. United States, 315 U.S. 60, 80, 62 S. Ct. 457, 86 L.Ed. 680, rehearing denied, 315 U.S. 827, 62 S.Ct. 637, 86 L. Ed. 1222; United States v. Knight, 336 U.S. 505, 508, 69 S.Ct. 704, 93 L. Ed. 845; United States v. Decker, supra, 304 F.2d 702, 705, C.A. 6th. In making such a determination the Court must take that view of the evidence with inferences reasonably and justifiably to be drawn therefrom most favorable to the Government, without weighing the evidence or determining the credibility of the witnesses. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Battjes v. United States, 172 F.2d 1, 5, C.A. 6th; Kowalchuk v. United States, 176 F.2d 873, 876, C.A. 6th; Apel v. United States, 247 F.2d 277, 279–280, C.A. 8th; N.L.R.B. v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660.

Applying the criteria above set forth, the Court is of the opinion that a sufficient quantum exists to support the jury's findings that the defendant aided and abetted in the attempted robbery of the federally insured credit union. Accordingly, this Court will not substitute its judgment for that of the jury.

In considering appellant's second and third assignments of error, the

* The Honorable Robert B. Krupansky, United States District Judge for the Northern District of Ohio, sitting by designation.

Court finds that the Assistant United States Attorney requested the Court to call Jerry Steca, appellant's co-defendant as a Court witness for the reason that ". . . Government does not want to be put into the position that it would attest to his credibility and therefore be burdened with his testimony, so the Government does not want to call this witness." Thereupon the Court called Jerry Steca as its witness over the objection of defendant's counsel. The substance of his testimony was that on March 20, 1969, he pleaded guilty to the charge of attempted armed robbery of the Self-Reliance Federal Credit Union at Tarnow and Michigan Avenue in Detroit on December 28, 1968. The effect of Steca's testimony was to place before the jury evidence of the substantive offense, namely that:

1. An attempt was made to rob the Self-Reliance Federal Credit Union; and

2. The crime was attempted while the perpetrator was armed with a dangerous weapon.

Thereafter, upon cross-examination by defendant's counsel, Steca testified that defendant Rosinski took no part in the attempted robbery.

Steca's testimony was preceded by the following admonition to the jury:

*The Court:* Ladies and gentlemen of the jury. Mr. Zanglin on behalf of the Government has asked the Court to call the next witness, one Jerry Steca. The Court has granted that request and will call Mr. Steca as the Court's witness. Now this means that neither side, either Mr. Zanglin or Mr. Barbara for the defense, vouches for his credibility and it gives both sides the right to cross-examine him.

It is apparent that the district court was fully aware of the circumstances surrounding the Assistant United States Attorney's request concerning the witness Steca as well as the limited purpose for which such witness was to be called. The district court fairly and adequately instructed the jury as to the considera-

tion to be given Steca's testimony in the following language:

The fact that a co-defendant pleads guilty is not evidence of the guilt of any other defendant or that the crime charged in the indictment was committed. The guilt or innocence of the defendant still on trial must be determined by you, the jury, solely on the evidence introduced in the trial of this case. The defendant on trial here, John Rosinski, is entitled to an independent consideration by you of the evidence as it relates to his alleged participation in the alleged offense contained in the indictment.

Accordingly, this Court concludes that the appellant's second and third assignments of error are without merit, and further, that the proceedings failed to disclose any federal constitutional violation in use of the testimony of appellant's co-defendant Steca. *Farmer v. Kropp,* 445 F.2d 5 (6th Cir. 1971). The judgment of the district court is affirmed.