CHARLES BURTON, Appellant, v. STATE OF DELAWARE, Appellee.

(*March* 23, 1959.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*John F. Hyde* for Appellant.

*Charles L. Paruszewski,* Deputy Attorney-General, for Appellee.

Supreme Court of the State of Delaware, No. 36, 1958.

BRAMHALL, J.:

This case relates to the refusal of the trial court upon application of appellant, one of three defendants, to grant a separate trial.

Appellant and two others were arrested charged with committing robery upon one Bennie Murray. The evidence estab-

lished that all three defendants were present at the scene of the crime; that they participated in beating the prosecuting witness and in taking from him his wallet in which there was $10. The state was unable to show which defendant actually took the wallet out of his pocket. Two of the defendants, including appellant, gave written statements to the police, in which each placed upon the other two the responsibility for the robbery. All three defendants were identified by an eyewitness as being present and participating in the crime. In addition, the appellant requested a next-door neighbor of the eyewitness to inform this witness that he would give her and the prosecuting witness $500 to "drop the case".

Defendants were indicted separately. Why they were not indicted together in one indictment is not clear, since Rule 8 (b) of the Rules of Criminal Procedure, *Del. C. Ann.*, of the Superior Court provides that two or more defendants may be indicted jointly where they are alleged to have participated in the same act or series of acts constituting the offense or offenses. Upon motion of the Attorney General the trial court, under Rule 13 of the Rules of Criminal Procedure of the Superior Court, ordered the cases consolidated. Motions filed on behalf of all defendants asking for a severance were denied.

At the trial objections were made on behalf of all three defendants to the admission of the statements. The trial judge overruled these objections. He carefully and repeatedly instructed the jury that each statement was admitted in evidence only as against the one who signed it. As a further protection of the rights of defendants he caused to be deleted therefrom all names except the name of the author of the statement. Again, when upon closer inspection it was found that the names supposedly deleted could still be seen, the trial judge ordered the statements to be re-typed and that the re-typed statements with the names of the other defendants omitted be presented to the jury in lieu of the original statements. Upon conviction one of the defendants, the appellant, appeals to this court.

The sole ground for this appeal is the refusal of the trial judge to grant the motion for a severance in the case of appellant.

It is the contention of appellant that since in the statements of two of the defendants, including his own statement, each of the two defendants placed the responsibility for the crime upon the other two, the defenses of the three defendants were antagonistic. No complaint is made in this appeal that the instructions of the trial judge to the jury concerning the admissions of these statements were unfair to appellant or otherwise improper. Appellant's complaint is based upon his contention that the jury knew the names of the other persons involved and in spite of the fact that the statements were admitted under very careful instructions from the trial judge, the judgment of the jury was necessarily affected thereby.

The practice relating to motions for a severance in the trial of criminal cases in this state is now covered by Rule 14 of the Rules of Criminal Procedure of the Superior Court, which provides as follows:

"If it appears that a defendant or the State is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

This rule, which is the same as Rule 14 of the Federal Rules of Criminal Procedure, 18 *U. S. C. A.,* is simply a re-statement of existing law in effect at the time the rule was promulgated, to the effect that severance and other similar relief is a matter lying entirely within the discretion of the trial judge. *Pointer v. United States,* 151 *U. S.* 396, 14 *S. Ct.* 410, 38 *L. Ed.* 208; *Pierce v. United States,* 160 *U. S.* 355, 16 *S. Ct.* 321, 40 *L. Ed.* 454; *Ball v. United States,* 163 *U. S.* 662, 673, 16 *S. Ct.* 1192, 41 *L. Ed.* 300; *Stilson v. United States,* 250 *U. S.* 583, 40 *S. Ct.* 28,

63 *L. Ed.* 1154. Both the state and appellant concede that this is so and that the action of the trial judge will not be reversed except for a clear abuse of discretion. This court recognized this rule in the case of *Garner v. State, Del.,* 145 *A.* 2d 68, 75, when we said: "This motion [for severance] was, of course, addressed to the sound discretion of the trial court."

The question which is presented for our determination is therefore simply whether the trial judge in refusing defendant's motion for a severance was guilty of an abuse of discretion.

What constitutes abuse of discretion depends upon the facts found in each individual case. *Brady v. United States,* 8 *Cir.,* 39 *F.* 2d 312, 313. The mere fact that a confession, admission, or similar statement of a co-defendant implicating the moving defendant and not admissible against the latter will be introduced will not of itself, in the absence of other factors, amount to an abuse of discretion. *Opper v. United States,* 348 *U. S.* 84, 75 *S. Ct.* 158, 99 *L. Ed.* 101; *Raarup v. United States,* 5 *Cir.,* 23 *F.* 2d 547, *certiorari denied* 277 *U. S.* 576, 48 *S. Ct.* 559, 72 *L. Ed.* 996; *Johnson v. United States,* 6 *Cir.,* 82 *F.* 2d 500, *certiorari denied* 298 *U. S.* 688, 56 *S. Ct.* 957, 80 *L. Ed.* 1407; *Bennett and Holiman v. State,* 201 *Ark.* 237, 144 *S. W.* 2d 476, 131 *A. L. R.* 908; *People v. Remington,* 74 *Cal. App.* 371, 240 *P.* 526; *Badgley v. State,* 226 *Ind.* 665, 82 *N. E.* 2d 841, *certiorari dismissed* 336 *U. S.* 922, 69 *S. Ct.* 650, 93 *L. Ed.* 1084. This is particularly true where there is substantive competent evidence showing clearly defendant's guilt. *Opper v. United States, supra; State v. Clark,* 156 *Wash.* 47, 286 *P.* 69, 85 *A. L. R.* 502; *People v. Siegal,* 362 *Ill.* 389, 200 *N. E.* 72; *Perkins v. State,* 217 *Ark.* 252, 230 *S. W.* 2d 1.

In this state in the case of *State v. Brinte,* 1904, 3 *Penn.* 551, 58 *A.* 258, the trial court in denying a motion for a severance in a murder case based upon the ground, *inter alia,* that a co-defendant had given a signed statement implicating the other defendant, said that the weight of authority supported this ruling. In the case of *Opper v. United States, supra,* where a motion

for severance was made under similar circumstances, the Supreme Court of the United States said [348 *U. S.* 84, 75 *S. Ct.* 165]:

"To say that the jury might have been confused amounts to nothing more than an unfounded speculation that the jurors disregarded clear instructions of the court in arriving at their verdict."

In the case before this court there was sufficient substantive evidence to show clearly the guilt of all three defendants. In the case of appellant there was the additional evidence of the attempted bribery of an eyewitness. The trial judge in ruling upon the objection of defendants to the admissibility of the statements in evidence leaned backwards in endeavoring to protect the interests of defendants. In fact, he did more than he was required to do—and perhaps should have done—under the circumstances. In his efforts to avoid all possibility of the jury concluding that the statements implicated others than its author, he may have emphasized unduly the difficulties arising over the admission of the statements. While this was done in an effort to see that the rights of defendants were fully protected and in this case did no injury to defendants, under some conditions the result of such efforts might well be quite different from that intended by the trial judge.

As previously stated, appellant does not complain of the trial judge's instructions relative to the statements. We cannot accept his contention that in spite of these instructions the jurors were improperly influenced by their admission. In addition, we must presume that the jury was competent and did comply with the instructions of the trial judge to limit the statements of appellant and another as affecting only the person signing the same. *Badgley v. State, supra.*

The judgment of the Superior Court is affirmed.