**UNITED STATES of America ex rel. Thomas Hoyt WINSETT, Petitioner,**

v.

**Raymond W. ANDERSON, Warden, Respondent.**

**No. 102.**

United States District Court, D. Delaware.

Dec. 8, 1970.

---

H. James Conaway, Jr., of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for petitioner.

John P. Daley, Deputy Atty. Gen. of Del., Wilmington, Del., for respondent.

## OPINION

LAYTON, District Judge.

This is a petition for the issuance of a writ of habeas corpus. For the reasons hereafter stated, it will be denied pending the result of a remand to the state courts for the reason that petitioner has failed to exhaust state remedies.

Petitioner, together with two accomplices, was indicted, tried and convicted in the Delaware Superior Court for the first degree murder of a Delaware State police officer during the course of a theft at a motel.

Prior to trial, on May 22, 1964, he filed motions for a separate trial and for severance. These motions were denied by letter opinion on June 2, 1964. At trial, these motions were renewed and again denied. During the course of trial, statements of petitioner's two co-defendants implicating him in the homicide were admitted against him over objection without the right of cross-examination, both co-defendants having elected not to take the stand.[1]

After conviction, petitioner's motion for new trial under Rule 35 of the Rules of the Delaware Superior Court was denied. Motions for reargument were denied in two separate opinions of the Superior Court dated November 25th and December 8th, 1964. On his appeal to the Supreme Court of Delaware, the decisions were affirmed on September 6, 1966; see Weekley v. State, 222 A.2d 781.

Some eight months subsequent to the affirming opinion of the Supreme Court of Delaware, the Supreme Court of the United States decided Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). There it was held for the first time that statements of co-defendants implicating another defendant without the right of cross-examination are inadmissible at trial because violative of the confrontation clause of the Sixth Amendment.[2] Shortly thereafter, the Supreme Court of the United States made this principle retroactive. Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968).

Petitioner conceived that the combination of the principles announced in *Bruton* and *Roberts* voided his state court conviction. Instead, however, of exhausting his state court remedies by filing a new petition to set aside his conviction under Rule 35 of the Delaware Superior Court, petitioner brought this petition for habeas corpus directly to this Court. Counsel were directed to file preliminary briefs devoted solely to the "exhaustion" principle before the petition was heard on the merits.

■ In general, it is settled that before seeking relief from the federal

---

1. In accordance with what was then settled law in Delaware, Burton v. State, 1 Storey 546, 149 A.2d 337 (Del.1959), the Court overruled petitioner's objection but instructed the jury that the statements of the co-defendants were admissible only against them and not against petitioner. Weekley v. State, 222 A.2d 781 (Del. 1966).

2. "Here the introduction of Evans' confession posed a substantial threat to petitioner's right to confront the witnesses against him, and this is a hazard we cannot ignore. Despite the concededly clear instructions to the jury to disregard Evans' inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination. The effect is the same as if there had been no instruction at all." 391 U.S. at p. 137, 88 S.Ct. at p. 1628.

courts by way of habeas corpus, a defendant convicted in a state court must first exhaust all available state court remedies. T. 28 U.S.C. § 2254; but see Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). In this connection, it should be noted that Rule 35 of the Superior Court of Delaware does not preclude repeated petitions for relief from a judgment of conviction.[3]

On the other hand, it is equally well settled that where a second or subsequent application for relief to the state courts, even though technically available to a defendant, would nevertheless, be futile, he may proceed immediately to seek relief in a federal district court by way of habeas corpus. Sokol, Federal Habeas Corpus, § 23, page 172.

Whether or not a second, or subsequent, application for relief to the state courts would be a futile thing must obviously be governed by the facts of the particular case.

In this case, petitioner contends very strenuously that even though *Bruton* and *Roberts* have had the effect of rendering the statements of his accomplices made at trial inadmissible, it would be futile to seek further relief under Delaware Superior Court Rule 35. This, he argues, is because the Delaware Supreme Court has already decided that the admission of the statements of the two accomplices amounted to harmless error. Weekley v. State, supra, 222 A. 2d p. 789.

Whether or not petitioner's argument has merit must be determined by two considerations: first, the cases of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), both decided subsequent to *Weekley*. In the former, the Supreme Court held that before a federal constitutional error can be considered harmless, " * * * the court must be able to declare a belief that it was harmless *beyond a reasonable doubt*";[4] and in the latter, that *Bruton* violations can stand only if the evidence, exclusive of the statements of the codefendants, *"overwhelmingly"*[4] support the convictions.

Thus, if petitioner is correct in his argument that *Weekley* held that the admission of the statements of the two codefendants constituted harmless error, such determination was not made in the light of the "harmless beyond a reasonable doubt" test laid down in *Chapman* and as subsequently clarified in *Harrington*.

Secondly, a careful reading of the language of *Weekley*, 222 A.2d at page 789 suggests the possibility that, in fact, the Delaware Supreme Court may have decided, not that the admission of the questioned statements constituted harmless error in the sense petitioner asserts but, to the contrary, was holding that the error was harmless because cured by the limiting instructions of the trial judge to the jury to ignore the effect of these statements in their consideration of petitioner's guilt. If so, *Bruton* has rewritten the law on this point.

In either event, and for the reasons just given, the Delaware Supreme Court must be afforded an opportunity to re-examine its decision in *Weekley*[5] in the light of *Bruton, Chapman* and *Harrington*, all decided subsequent to that case.

Because, in the view of this Court, petitioner has not exhausted all available state remedies, it is ordered that this matter be remanded to the state courts. Meanwhile, this petition for habeas corpus will remain in status quo pending final determination of this question by the Delaware Courts.

Submit order.

3. It does give the judge, depending on the circumstances, the discretion to decline a second application under Rule 35.

4. Emphasis added.

5. For the reasons of comity as well as a continuing state interest, Brown v. State of New Jersey, 395 F.2d 917 (3rd Cir. 1968); In Re Whittington, 391 U.S. 341, 88 S.Ct. 1507, 20 L.Ed.2d 625 (1968); (compare Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967).