UNITED STATES of America ex rel. Thomas Hoyt WINSETT, Appellant,

v.

Raymond W. ANDERSON, Warden, New Castle Correctional Institution.

No. 71–1120.

United States Court of Appeals, Third Circuit.

Argued Jan. 24, 1972.

Decided March 9, 1972.

As Amended March 22, 1972.

H. James Conaway, Jr., Young, Conaway, Stargatt & Taylor, Wilmington, Del., for appellant.

John P. Daley, Deputy Atty. Gen., Wilmington, Del., for appellee.

Before BIGGS and VAN DUSEN, Circuit Judges, and GREEN, District Judge.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal from a December 29, 1970, order of the United States District Court for the District of Delaware, denying a petition for a writ of habeas corpus pending determination by the state courts of the question whether petitioner's constitutional rights were violated by the introduction into evidence in his 1964 state trial of the extrajudicial statements of petitioner's co-defendants, who were not subject to cross-examination.[1] This question is significant because in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court held that at least in the circumstances of that case[2] the introduction into a joint trial of the extrajudicial statements of a co-defendant violates the confrontation clause of the Sixth Amendment, notwithstanding a limiting jury instruction, and in Roberts v. Russell, 392 U.S. 293, 88 S. Ct. 1921, 20 L.Ed.2d 1100 (1968), the Bruton principle was found to be retroactively applicable to state court convictions through the Fourteenth Amendment. Winsett argues, however, that the district court erred in requiring him to exhaust conceded state court remedies,[3] because he contends that lan-

---

1. Winsett had raised other grounds in support of his petition for habeas corpus filed on March 4, 1969, but on August 27, 1970, the district court approved the parties' stipulation that there would first be decided the following issue:

   "Was the Petitioner denied his constitutional rights, and were his constitutional rights violated, by the refusal of the State Trial Court to grant his Motions for Severance and Separate Trial separate and apart from the trial of his two co-defendants, and by the Rulings of the State Trial Court requiring him to be tried jointly with his two co-defendants, and by his being so tried?"

2. We note that in Bruton, the court emphasized that the testimony implicating Bruton "had substantial, if not critical weight" (pp. 127–128 of 391 U.S., 88 S.Ct. p. 1623) and that "the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, [were] deliberately spread before the jury in a joint trial" (p. 135 of 391 U.S., 88 S.Ct. p. 1628).

3. As Winsett notes in his brief (at pp. 19–20), Rule 35(a) of the Delaware Superior Court Del.C.Ann. provides as follows:

   "(a) Post Conviction Remedy. Any person who has been sentenced by the court may apply by motion for post-conviction relief for any meritorious claim challenging the judgment of conviction including claims: (i) that the conviction was obtained or sentence imposed in violation of the Constitution and laws of this State or the United States; (ii) that the court imposing the sentence was without jurisdiction to do so; or (iii) that the sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law. An application may be filed at any time, provided, however, that post-conviction relief shall not be available so long as there is a possibility of taking a timely appeal from the judgment of conviction. Unless the motion and the files and records of the case show to the satisfaction of the court that the applicant is not entitled to relief, the

guage in the opinion of the Delaware Supreme Court affirming his conviction, State v. Weekley, 222 A.2d 781, 789 (Del.1966) indicates that recourse to the state court based upon the *Bruton* doctrine would be futile. We find this argument unpersuasive, as did the district court in a carefully considered opinion. See United States ex rel. Winsett v. Anderson, 320 F.Supp. 784 (D.Del.1970). At the very least, the opinion of the Delaware Supreme Court in 1966 does not preclude state court consideration of the application of the *Bruton* doctrine, announced some 20 months later. Thus, we affirm the order of the district court requiring the exhaustion of state court remedies on this issue. See United States ex rel. Sloan v. McMann, 415 F.2d 275 (2d Cir. 1969); cf. Brown v. State of New Jersey, 395 F.2d 917 (3d Cir. 1968).

Since the district court will have to consider at some time whether Winsett has exhausted his state court remedies as to the other issues raised in his petition for writ of habeas corpus,[4] it would appear in the interests of judicial economy for the district court to determine, before any further consideration of the case by the state courts, whether under the circumstances paragraphs 2 and 3 of the order should be modified because of the congressional requirement that Winsett exhaust his state court remedies with respect to each of these other issues as well.[5] This procedure will minimize the risk of piecemeal consideration of Winsett's case by the state courts.

The decision of the district court will be affirmed, subject to the above-mentioned direction that the district court make findings on the exhaustion of state remedies as to the other issues raised in Winsett's petition filed in Habeas Corpus No. 1020.

court shall cause notice thereof to be served on the Attorney General, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds the applicant is entitled to relief, the court may set aside the judgment, release the applicant from custody, re-sentence the applicant, grant the applicant a new trial, or otherwise correct the judgment of conviction as may appear appropriate. The court need not entertain a second motion or successive motions for similar relief on behalf of the same applicant."

4. See note 1, *supra.*

5. In his petition for writ of habeas corpus filed on March 4, 1969, Winsett raised the following grounds:
    1. The refusal of the Delaware courts to allow his counsel to examine the indicting grand jury violated his rights.
    2. The refusal to grant a continuance of the trial date at a time of widespread adverse publicity violated his rights.

    3. The failure to grant Winsett the proper amount of peremptory challenges violated his rights.
    4. The introduction of illegally obtained statements at his trial was a violation of Winsett's rights under the Fifth Amendment of the United States Constitution.
    5. His trial with two co-defendants and the introduction of their extrajudicial statements to Winsett's jury denied Winsett's rights under the confrontation clause of the Sixth Amendment, United States Constitution.
The first three grounds appear to have been already considered and rejected by the Delaware Supreme Court on Winsett's direct appeal. See Weekley v. State, 222 A.2d 781, 784–785, 785–786, 788 (Del.1966). The fourth ground was rejected both on Winsett's direct appeal to the Delaware Supreme Court, 222 A.2d at 786–787, and after a special post-conviction hearing granted by the Superior Court of Delaware pursuant to Rule 35, Del.C.Ann. and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L. Ed.2d 908 (1964). State v. Winsett, 238 A.2d 821, 830–834 (Del.Super.Ct.1968), aff'd, 251 A.2d 199 (Del.1968).