**Gary POWELL and Irene Powell, Defendants Below, Appellants,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Argued Jan. 15, 1975.

Decided Jan. 31, 1975.

Rehearing Denied Feb. 18, 1975.

L. Vincent Ramunno, Wilmington, for defendants below, appellants.

Edward C. Pankowski, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

Defendants appeal from convictions of a felony (delivery of marijuana) in violation of 16 Del.C. § 4752. They argue that the Superior Court wrongfully denied them a trial continuance and that the sentences imposed were both cruel and unusual and unauthorized by statute.

I

Defendants were represented by retained counsel at arraignment on January 23, 1974. Thereafter, the case was scheduled for trial on March 5, 1974.

Defendants' counsel learned of the trial date on February 26. The next day he applied for a continuance by letter to the Court, saying:

"It is a very serious case and requires some discovery and I may want to make some other motions. Consequently, it is impossible for me to be adequately prepared on March 5, 1974, and I would ask Your Honor to continue it."

On March 4 at a call of the calendar counsel renewed his request for a continuance which the State opposed. The transcript reports the following colloquy:

"MR. RAMUNNO: I requested a continuance . . . from Judge O'Hara on this case, and I have not heard from him; so I expect he repeated to you.

THE COURT: Yes, he passed the letter on to me. What is the basis for your request?

MR. RAMUNNO: Well, Your Honor, this is a very serious case; and it has not been around very long; and I was unaware that it was scheduled for today until the day I sent the letter.

And it is just impossible for me to prepare it on that short a time; besides, I would want to make some motions and things.

THE COURT: Well, how long has the indictment been pending?

MR. RAMUNNO: Not very long because it is a 1974 case; and it has only been 60 days in 1974; and I don't remember the exact date, but it wasn't very long ago.

THE COURT: What is the State's position?

MR. PANKOWSKI: Your Honor, the State would like to proceed to trial on Tuesday, and believes there is not proper ground for a continuance here; the indictment was returned in January.

We would oppose.

THE COURT: All right. The motion for continuance is denied."

Prior to the call, counsel had discussed a plea with the State and a continuance with the attorney for a third defendant. Apparently, counsel concluded that a plea agreement would be made or the case would be continued. It was not and trial was held as scheduled on March 5.

■ Before trial (and, apparently prior to the calendar call) counsel and clients discussed the position to be taken at trial and it was agreed that, in view of the time available, they would "simply do nothing since to participate in his [Gary's] defense would be a 'mockery' and would do him a disservice." That plan was followed and counsel took no part at all in the trial (except to argue to the jury).[1] The record implicitly shows that defendants acquiesced in the decisions of counsel and they are bound by them. United States ex rel. O'Brien v. Maroney, 3d Cir., 423 F.2d 865 (1970).

Both defendants were convicted and this appeal followed.[2]

## II

Defendants agrue that refusal of the request for continuance was an abuse of discretion and denied them effective assistance of counsel. The argument as to counsel is related entirely to the request for continuance. In other words, no complaint is made as to effective counsel independent of the request for a continuance.

■ The matter of a continuance is traditionally within the discretion of the trial judge, Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), and a discretionary ruling will not be disturbed by this Court unless it is based on clearly unreasonable or capricious grounds. Chavin v. Cope, Del.Supr., 243 A. 694 (1968). Obviously, every denial of a continuance does not violate due process, Ungar v. Sarafite, supra.

The essence of defendants' argument is that counsel and clients simply did not think the trial date was for real. "Nobody expected such quickness." is the way it is stated in the brief. Our examination of the record persuades us, however, that whatever "quickness" was involved reflects a commendably prompt disposition of the case, not a violation of the rights of defendants.

---

1. The affidavit filed by counsel for defendants refers principally to defendant Gary Powell. The appeal, however, is by both defendants and the briefs distinguish between them only with respect to the sentences. In all other respects the briefs treat their positions as identical and the Court does likewise.

2. The third defendant entered a guilty plea. At trial the Court dismissed a charge against these defendants of maintaining a dwelling house for distribution of controlled substances. 16 Del.C. § 4755(a)(5).

Defendants were indicted on January 10 and arraigned on January 23. Superior Court Criminal Rule 12(b)(3) Del.C.Ann., provides that pretrial motions (with some exceptions)

> "shall be made not later than 5 days after arraignment, but the court may permit . . . [them] to be made within a reasonable time thereafter."

And Rule 16(f) provides that a motion for discovery (or inspection)

> "may be made only within 10 days after arraignment or at such reasonable later time as the court may permit."

It simply will not do for a defendant to ignore the Rules, as these defendants did, and then argue to this Court, as these defendants do, that the Rules are ignored in practice. Certainly there has been no record made to support that argument. And even after trial was scheduled defendants sought a continuance on the vague grounds that "some discovery" is required and they "may want to make some other [unspecified] motions."

The record made before the Court at the calendar call is no better. The Court was simply told that time was "short" and counsel wanted to make "some motions."

■ The reasons presented to the trial judge at the time a request for continuance is made are particularly significant, Ungar v. Sarafite, supra. There was no abuse of discretion in denying a motion for continuance based on the reasons offered in this case.

■ Defendants made their own assumptions about the trial date and they did so at their own risk. There has been no showing that six days was an inadequate time for preparing to try, legally or factually, the case under arraignments made more than a month before trial was scheduled. A defendant has a constitutional right to a speedy trial, Art. 1, § 7, Del.C. Ann., and the public has a correlative right to the prompt administration of justice.

As to this, we take the occasion to note the American Bar Association Standards Relating to Speedy Trial, Approved Draft, 1968, which states:

> "1.3 Continuances.
>
> The Court should grant a continuance only upon a showing of good cause and only *for so long* as is necessary, taking into account not only the request or consent of the prosecution or defense, but also the public interest in prompt disposition of the case."

We approve this principle and the following language from the Commentary:

> " . . . The standard emphasizes that it is the responsibility of the court to make an independent determination as to whether there is in fact good cause for the continuance and to grant a continuance only for so long as is necessary under the circumstances. Implicit in the standard is the notion that the need for prompt disposition of criminal cases transcends the desires of the immediate participants in the proceedings."

The Superior Court did not abuse its discretion in denying defendants a continuance.

### III

■ Defendant Gary Powell had a prior conviction for possession of marijuana and, for the present offense, he was sentenced to a three-year term of incarceration under what the Court regarded as the minimum time required by 16 Del.C. § 4763(a), which reads:

> "(a) Previous convictions. In any case in which a defendant has previously been convicted of any offense under this chapter, or under any statute of the United States or of any state relating to narcotic drugs, marijuana, depressant, stimulant, hallucinogenic drugs or other controlled substances, the penalties set forth in §§ 4751 through 4761 shall be increased by adding the following re-

spective additional years to the maximum terms of imprisonment.

(1) Subject to the provisions of sub-paragraph (3), the additional maximum terms applicable to the following respective sections shall be increased in accordance with the following table so that the maximum terms shall read respectively as follows:

a. Section 4754, not more than 7 years.

b. Section 4753, not more than 10 years.

c. Section 4752, not more than 15 years.

d. Section 4751, not more than 30 years.

e. Section 4761(2) not more than 25 years.

f. Section 4761(1) not more than 50 years.

(2) Subject to the provisions of sub-paragraph (3) the following minimum terms with respect to the following respective sections of this chapter are mandatory minimum terms of imprisonment and shall not be subject to suspension and no person shall be eligible for probation or parole during such portion of such minimum term:

a. Section 4752, 3 years.

b. Section 4751, 5 years.

c. Section 4761(2), 7 years.

d. Section 4761(1), 10 years.

. . . "

See also 58 L.D., Ch. 424.

Defendant argues that there is no criterion stated as to when the minimum term is applicable. We think, however, that when the statute is examined as a whole, the criterion is clear.

Thus paragraph (a) is the lead or introductory paragraph to that part of the section relating to additional penalties. Its plain purpose is to state penalties when a defendant has had "Previous convictions" of certain specified and described offenses; in that event the penalties are increased by adding additional years to the terms of imprisonment. The sub-paragraphs then specify "maximum" and "minimum" terms which are applicable for violations of the respective sections. In the statutory arrangement paragraph (b), which follows, deals with mitigating circumstances and "reduced penalties." In brief, a fair reading of the pertinent section in its entirety shows that it fixes minimum and maximum terms for offenses which follow "Previous convictions."

IV

Finally, defendants' argument as to cruel and unusual punishment is based entirely on generalities without citation of authority or support in fact. It is without merit. Williams v. State, Del.Super., 286 A.2d 756 (1971).

Affirmed.