**Gary POWELL and Irene Powell, his wife, Petitioners,**

v.

**Paul W. KEVE, Director of the Division of Adult Corrections and the State of Delaware, Respondents.**

Civ. A. No. 75–60.

United States District Court,
D. Delaware.

Jan. 27, 1976.

L. Vincent Ramunno, Wilmington, Del., for petitioners.

John M. Willard, Asst. Atty. Gen., Dept. of Justice, Wilmington, Del., for respondents.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

Relators Gary and Irene Powell are before the Court seeking a writ of habeas corpus and have alleged three constitutional grounds to support their petition. Respondents have moved to dismiss the Powells' petition, arguing that petitioners have failed to exhaust their state remedies as required under 28 U.S.C. § 2254. The basic facts are not in dispute and can be briefly summarized prior to resolution of respondents' motion.

The Powells were arraigned on January 23, 1974 in Delaware Superior Court on felony charges of delivery of marijuana under 16 Del.Code § 4752. On February 26, 1974 petitioners' attorney, who had represented them at arraignment, learned that trial had been scheduled to begin March 5, 1974. The following day, by letter, he requested a continuance and renewed that request at the call of calendar on March 4, 1974, at which time it was denied. Trial commenced the following day and they have unsuccessfully appealed their convictions to the Delaware Supreme Court.

Three claims are presented by petitioners' writ. First, they argue that the denial of the continuance motion had the effect of denying their constitutionally guaranteed right to effective assistance of counsel. The substance of this claim is simply that petitioners' counsel had insufficient time to prepare for trial. In emphasis of that claim, petitioners' attorney points to the fact that while he was present, he did not actively participate in the trial, making no efforts to cross-examine the state's witnesses or put on any defense witnesses.

The second claim is that Gary Powell's mandatory three-year sentence under 16 Del.Code § 4763(a) constitutes cruel and unusual punishment in violation of the U. S. Constitution, while their third contention is that 16 Del.Code § 4763(a)[1] is unconstitutionally vague.[2]

1. 16 Del.Code, § 4763(a) provides mandatory minimum sentences for persons convicted of various drug-related offenses where such persons had previously been convicted of any state or federal drug-related offense.

2. 16 Del.Code, § 4763(a) provides that:

"(a) *Previous convictions.*—In any case in which a defendant has previously been convicted of any offense under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marijuana, depressant, stimulant, hallucinogenic drugs or other controlled substances, the penalties set forth in §§ 4751 through 4761 shall be increased by adding the following respective additional years to the maximum terms of imprisonment.

"(1) Subject to the provisions of subparagraph (3), the additional maximum terms applicable to the following respective sections shall be increased in accordance with the following table so that the maximum terms shall read respectively as follows:

\* \* \* \* \* \*

**230**

Respondents' arguments that each of these claims has not been exhausted will be considered seriatim.

### I. Denial of Effective Assistance of Counsel

At the outset it is clear that a state prisoner must exhaust available state remedies before a federal court may issue a writ of habeas corpus. 28 U.S.C. § 2254(b); *Pitchess v. Davis,* 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975); *Picard Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *U. S. ex rel. Kidd v. Commonwealth of Pennsylvania,* 453 F.2d 247 (3d Cir. 1971); *U. S. ex rel. Winsett v. Anderson,* 320 F.Supp. 784 (D.Del.1972), *aff'd* 456 F.2d 1197 (3d Cir. 1972). Moreover, in determining whether exhaustion has occurred, it is necessary for the federal courts to determine whether any state remedies are available. *See, U. S. ex rel. Wilkins v. Banmiller,* 325 F.2d 514 (3d Cir. 1963), *cert. denied,* 379 U.S. 847, 85 S.Ct. 87, 13 L.Ed.2d 51 (1964).

■ Respondents have argued that petitioners still have an available state remedy in the form of Superior Court Criminal Rule 35(a) which establishes Delaware's post-conviction collateral relief procedure and is, in essence, a state habeas corpus procedure.[3] However, where the state Supreme Court has already ruled on a particular point raised in a direct appeal by a state prisoner, the petitioner will ordinarily be deemed to have exhausted his available state remedies. *U. S. ex rel. Dyton v. Ellingsworth,* 306 F.Supp. 231, 232 (D.Del.1969). *See, Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, *reh. denied* 345

U.S. 946, 73 S.Ct. 827, 97 L.Ed. 1370 (1953).

■ With respect to petitioners' effective assistance of counsel claim, there is no question but that the Delaware Supreme Court heard and resolved that claim adversely. While that would ordinarily be sufficient for exhaustion purposes, the factual context of this particular claim requires that petitioners first take advantage of their opportunities for an evidentiary hearing pursuant to Superior Court Rule 35(a). *See,* Wright & Sofaer, "Federal Habeas Corpus for State Prisoners: The Allocation of Fact-Finding Responsibility," 75 Yale L.J. 895, 903 (1966). *Cf. Case v. Nebraska,* 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965). First, the denial of a continuance is ordinarily a matter within the discretion of a trial judge, *Avery v. Alabama,* 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377 (1940), and can only transgress a constitutionally protected right in extreme cases. *See, Franklin v. South Carolina,* 218 U.S. 161, 168, 30 S.Ct. 640, 54 L.Ed. 980 (1910); *United States v. Myers,* 327 F.2d 174, 181, n. 26, 182 (3d Cir. 1964); *U. S. ex rel. Preston v. Ellingsworth,* Civil Action No. 74-48 (D.Del. January 2, 1975).

Secondly, petitioners have claimed that prior to their case it was the uniform practice of the Delaware Superior Court to grant one continuance in a criminal trial as a matter of right notwithstanding the fact that the Superior Court rules appear to dictate otherwise. *See Powell v. State,* 332 A.2d 776, 779 (Del. Supr.1975). It would appear that the actual existence of such a practice would be a vital ingredient if petitioners are to have any chance of success on the merits

---

c. Section 4752, not more than 15 years.

\* \* \* \* \* \*

"(2) Subject to the provisions of subparagraph (3) the following minimum terms with respect to the following respective sections of this chapter are mandatory minimum terms of imprisonment and shall not be subject to suspension and no person shall be eligible for probation or parole during such portion of such minimum term:

a. Section 4752, 3 years. . . . ."

**3.** Rule 35(a) provides in part that:

"(a) *Postconviction Remedy.* Any person who has been sentenced by the court may apply by motion for postconviction relief for any meritorious claim challenging the judgment of conviction including claims: (i) That the conviction was obtained or sentence imposed in violation of the Constitution and laws of this State or the United States; . . . ."

of the effective assistance claim,[4] especially in view of their inability in the Delaware courts to explain why sufficient time was not available to prepare for trial since petitioners had been arraigned over six weeks prior to trial.

In the state courts petitioners made no record whatsoever to support their argument regarding Superior Court practices with respect to the granting of continuance motions. *See Powell v. State, supra* at 779. Obviously, such a record must be made and the question that arises is in which court should that record initially be made. Since petitioners have raised the spectre of a federal evidentiary hearing at which testimony will be taken from some or all Superior Court judges, considerations of comity must be assessed.

 The exhaustion requirements of federal habeas proceedings by persons in state custody is grounded upon notions of comity which dictate that unnecessary friction between state and federal courts in our federal system is to be minimized. *Ex Parte Royall,* 117 U.S. 241, 251, 6 S.Ct. 734, 29 L.Ed. 868 (1886). *See, Braden v. 30th Judicial Circuit of Kentucky,* 410 U.S. 484, 490–1, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Nor can the exhaustion requirement be considered jurisdictional, but is instead solely a function of comity. *Preiser v. Rodriguez,* 411 U.S. 475, 490–1, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Fay v. Noia,* 372 U.S. 391, 415–20, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *U. S. ex rel. Montgomery v. Brierley,* 414 F.2d 552, 556 (3d Cir. 1969); *U. S. ex rel. Gockley v. Myers,* 411 F.2d 216 (3d Cir. 1969). Given the long-standing utilization of comity as a guiding principle in this legal context, *see, Ex Parte Royall, supra; Fay v. Noia, supra* at 372 U.S. 415–20, 83 S.Ct. 822, as well as the more recent maturation of comity as a determinative consideration in conflicts be-

tween state and federal courts with respect to state criminal proceedings, *see, Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), and civil proceedings. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), this Court is constrained to temporarily stay its hand while petitioners pursue their remaining state remedies on this claim. *Cf. Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

It is difficult to imagine any action by a federal court more disruptive of proper federal-state judicial relations than a full-scale inquiry into the day-to-day administration of state procedural rules on trial continuances. Not only is the prospect of state judges initially testifying in federal court regarding a matter generally considered within their discretion at odds with the goals advanced by adherence to principles of comity, but the nature of the inquiry itself, being essentially an examination of state procedural practice, augurs heavily in favor of providing the initial opportunity to test the factual merits of petitioners' claim to the Delaware state courts. *U. S. ex rel. Crawford v. Anderson,* 296 F.Supp. 1, 2 (D.Del.1969). *See, U. S. ex rel. Speaks v. Brierley,* 417 F.2d 597, 599–600 (3d Cir. 1969). *Cf. U. S. ex rel. George v. Anderson,* 293 F.Supp. 807, 808 (D.Del.1968). In such circumstances, considerations of comity militate against "the exercise of federal jurisdiction before the state court has had an opportunity to consider the issue." *U. S. ex rel. Speaks v. Brierley, supra* at 600. (Comity held to require submission of inquiry into meaning of state-imposed sentence to state court for development of factual record where testimony was sought from state judicial personnel on methodology of state court sentencing.) Accordingly, the Court

---

4. The Court is not making or predicting a ruling on the *merits* of petitioners' claims, but is treating the claim in a general nature in order to develop the full importance of petitioners' one continuance of right claim. Lest there be any misunderstanding, the Court is *not* holding that the petitioners' rights would not be infringed in the absence of a uniform practice of one continuance as a matter of right, nor is the Court holding that the petitioners' rights would be infringed if they can successfully establish the existence of the alleged practice.

holds that petitioners must avail themselves of their opportunities under Superior Court Rule 35(a) for an evidentiary hearing to develop a record on Superior Court administration and practices with respect to trial continuance motions.

█ Comity is not limitless however, but simply reflects a balance between the interests of federalism and the interests served in a civilized society by preventing continued incarceration of individuals held in custody in violation of federal constitutional guarantees and rights.[5] *See, Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490–1, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The importance of the "Great Writ" requires that deference to state judicial systems not be unbounded by any substantive or procedural constraints. *Cf. Fay v. Noia*, 372 U.S. 391, 399–415, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Only the uniqueness of the facts asserted as supportive of the constitutional claim initially permit deference to comity in this isolated instance. Federal courts are *required* to provide evidentiary hearings to habeas petitioners where, *inter alia*, the merits of a factual dispute have not been resolved or the material facts have not been adequately developed, 28 U.S.C. § 2254(d); *see Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *White v. Swenson*, 261 F.Supp. 42 (D.Mo.1966). If for any reason [6] a complete factual record is not made in the state court, this Court will have no alternative but to go forward with a federal evidentiary hearing.

II. *Exhaustion of Petitioners' Cruel and Unusual Punishment and Unconstitutional Vagueness Claims*

Respondents have argued that the remaining claims raised by petitioners cannot be adjudicated by the federal courts at this juncture because they have not been "fairly presented" to the state courts under *Picard v. Connor, supra.* With respect to the unconstitutional vagueness claim the Court holds that petitioners have not exhausted their available state remedies, while exhaustion has occurred on the cruel and unusual punishment claim.

█ Petitioners never raised in the Delaware courts any arguments regarding unconstitutional vagueness. Rather, they argued, both in the trial and appellate courts, that the trial judge erred in construing the relevant statute as requiring a mandatory minimum sentence. Since the precise claim at issue here was therefore not "fairly presented" to the state courts, no exhaustion has taken place and the merits of this claim will not be adjudicated.

█ By contrast, petitioners did argue that the mandatory minimum sentence required by 16 Del.Code § 4763(a) constitutes cruel and unusual punishment as applied to persons convicted of felonious sale of marijuana. Although respondents correctly urge that petitioners devoted a minimum of attention to this contention in their briefs, the Court is unable to agree that exhaustion requirements have not been satisfied. First, petitioners did all that was required of them on this claim when they presented it to the state court. *U. S. ex rel. Geisler v. Walters*, 510 F.2d 887 (3d Cir. 1975). *See, Brown v. Allen*, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953). Secondly, a brief perusal of the Delaware Supreme Court opinion in this matter indicates that the state courts did indeed rule on the merits of petitioners' claim. *See, Powell v. State, supra* 332 A.2d at 781. While the state Supreme Court did not wax loquacious on this issue,[7] it should be kept in mind that what

---

**5.** Petitioner, Irene Powell, was never incarcerated. Petitioner, Gary Powell, incarcerated pursuant to the mandatory minimum sentence (see n. 1), was released on bail with the acquiescence of the state.

**6.** This assumes of course that any such failure is not due to a procedural default by petitioners.

**7.** The Delaware Supreme Court disposed of petitioners' cruel and unusual punishment argument in one tersely worded paragraph. However, there is no requirement that state courts utilize profuse amounts of verbiage to answer a contention considered to be groundless. Moreover, the authority cited by the Delaware Supreme Court resolves any ambiguity

must be exhausted are the legal issues, not the litigants or the state courts. *Cf. U. S. ex rel. Geisler v. Walters, supra,* 510 F.2d at 892–3; *Park v. Thompson,* 356 F.Supp. 783, 788 (D.Haw.1973). As long as the contentions sought to be raised in a federal habeas proceeding have been presented to the requisite state courts, it is not necessary that those courts have actually ruled on the merits of those claims. *U. S. ex rel. Geisler v. Walters, supra.*

Accordingly, respondents' motion to dismiss for failure to exhaust state remedies is granted in part and denied in part. Consideration of the merits of the claim which the Court holds to have been exhausted will be deferred.

as to whether they reached the merits. *Compare Powell v. State, supra,* 332 A.2d at 780

*with Williams v. State,* 286 A.2d 756 (Del. Supr.1971).