# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. Nos. 1602000442 |
| | ) | 1601019449 |
| JENNIFER MALDONADO, | ) | 1601019421 |
| GRAHAM MOONEY, | ) | |
| CHARLES ROSS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: November 18, 2016
Decided: November 23, 2016

*Upon Defendants Jennifer Maldonado, Graham Mooney, and Charles Ross's*
*Motion Seeking Relief from Prejudicial Joinder,*
**DENIED.**

This 23rd day of November, 2016, upon consideration of Defendants Jennifer Maldonado, Graham Mooney, and Charles Ross's (collectively, "Defendants") Motion Seeking Relief from Prejudicial Joinder (D.I. 15), and the record in this matter, it appears to the Court that:

(1)    Defendants and a dozen others have been indicted by the Grand Jury on multiple counts that include: (a) structuring to evade currency transaction reporting requirements, under 11 *Del. C.* § 951(f); (b) conspiracy

second degree, under 11 *Del. C.* § 512; (c) criminal impersonation, under 11 *Del. C.* § 907, and (d) theft, under 11 *Del. C.* § 841.[1]

(2) The charges all derive from alleged fund transfer structuring that the State argues was designed by the Defendants to evade certain Treasury and Revenue regulations. The State intends to prove at trial that Charles Ross, a local restaurateur, led a scheme to increase his lottery commission from sports book sales by purchasing his patrons' winning sports bet lottery tickets in order to encourage those patrons to re-visit his restaurant. The State alleges Ross would then "[cash] said tickets at Delaware Park Casino in a manner that evaded cash transaction reports (CTR) in violation of 11 Del. C. § 951(f)."[2] The State contends the scheme began in the Fall of 2014 and ended when the alleged victim of Indictment Count 60 reported the behavior.[3]

---

[1] Indictment, *State v. Cipriano, et al.*, I.D. Nos. 1602000442, 1601019449, 1601019421 (Del. Super. Ct. Apr. 25, 2016) (D.I. 48).

[2] State's Resp. at ¶ 3, *State v. Cipriano, et al.*, I.D. Nos. 1602000442, 1601019449, 1601019421 (Del. Super. Ct. Nov. 18, 2016) (D.I. 16).

[3] *Id.* Count 60 of the Indictment reads: "Count 60: A Misdemeanor—THEFT, in violation of Title 11 Section 841 of the Delaware Code of 1974, as amended. CHARLES ROSS, on or about the 19th day of January 2016, in the County of New Castle, State of Delaware, did with the intent to appropriate, take, obtain or exercise control over property consisting of a football parlay ticket, belonging to Lance McCue, and valued at less than $1,500." Indictment, *State v. Cipriano, et al.*, I.D. No. 1601019421 (Del. Super. Ct. Apr. 25, 2016) (D.I. 48).

(3)  Count 60 charges Charles Ross with theft of a winning sport betting lottery ticket from one of his patrons when the patron sought to cash it through or sell it to Ross.[4] It's alleged that Ross did so in concert with one or more of his employees.[5] And the State expects that the alleged theft victim will testify to facts not only of the theft, but how that activity tied into Ross's alleged structuring scheme and his use of his employees to carry it out.[6]

(4)  Superior Court Criminal Rule 8 provides that two or more offenses may be charged in the same indictment if the offenses are of the same or similar character or are based on two or more transactions connected together or constituting parts of a common scheme or plan.[7] Conversely, Superior Court Criminal Rule 14 allows the Court to sever counts of an indictment if it appears that a defendant will suffer substantial

---

[4]  *See* Indictment, *State v. Cipriano, et al.*, I.D. No. 1601019421 (Del. Super. Ct. Apr. 25, 2016) (D.I. 48); *see also* State's Resp. at ¶ 5-6, *State v. Cipriano, et al.*, I.D. Nos. 1602000442, 1601019449, 1601019421 (Del. Super. Ct. Nov. 18, 2016) (D.I. 16).

[5]  *See* State's Resp. at ¶ 5, *State v. Cipriano, et al.*, I.D. Nos. 1602000442, 1601019449, 1601019421 (Del. Super. Ct. Nov. 18, 2016) (D.I. 16).

[6]  *Id.* at ¶ 6.

[7]  Super. Ct. Crim. R. 8(a).

-3-

prejudice from the joinder.[8] Such decision lies within the Court's sound discretion.[9]

(5) Our supreme court has held that "where offenses are of the same general character, involve a similar course of conduct and are alleged to have occurred within a relatively brief span of time, it is proper to try the offenses together."[10] Where offenses charged meet these standards, severance has been denied, even if there is some potential for prejudice to the defendant.[11]

(6) Defendants suggest that there is an "obvious danger" that when considering evidence of Count 60, the jury will infer some general criminal intent and convict on the other indicted counts without considering the evidence.[12] Further, Defendants argue that "the mere accusation raises significant questions regarding honesty and integrity which are central ingredients for the jury's consideration" of the other pending charges in the

---

[8] Super. Ct. Crim. R. 14.

[9] *See Lampkins v. State*, 465 A.2d 785, 793-94 (Del. 1985); *Burton v. State*, 149 A.2d 337, 339 (Del. 1959) (Court's prejudice review will not be reversed except for clear abuse of discretion).

[10] *Younger v. State*, 496 A.2d 546, 550 (Del. 1985).

[11] *See Howard v. State*, 704 A.2d 278, 281 (Del. 1996).

[12] *See* Defs.' Mot. at ¶ 2, *State v. Cipriano, et al.*, I.D. Nos. 1602000442, 1601019449, 1601019421 (Del. Super. Ct. Oct. 31, 2016) (D.I. 14).

-4-

case.[13] The Defendants argue that mere consideration of Count 60 will raise the inference of "once a thief, always a thief" and will result in undue prejudice against them.[14]

(7) Rule 8(a) is designed, in part, to promote judicial economy and efficiency; objectives which outweigh a defendant's unsubstantiated claim of prejudice.[15] Under Rule 14, severance of jointly indicted offenses is appropriate only when joinder will substantially prejudice the defendant.[16] "[M]ere hypothetical prejudice" is not sufficient.[17] The defendant must demonstrate the joinder of offenses is so manifestly prejudicial that it outweighs the dominant concern of judicial economy and compels the Court's discretion to sever.[18]

---

[13] *See id.*

[14] *See id.*

[15] *See, e.g., Mayer v. State*, 320 A.2d 713, 717 (Del. 1974).

[16] *Skinner v. State*, 575 A.2d 1108, 1118 (Del. 1990).

[17] *Id.* (*citing Bates v. State*, 386 A.2d 1139, 1142 (Del. 1978)).

[18] *See Howard*, 704 A.2d at 280; *State v. Rivera*, 1995 WL 156059, at *3 (Del. Super. Ct. March 3, 1995), *aff'd*, 1996 WL 191009 (Del. Apr. 2, 1996) (under Rule 14 analysis the question is "whether the joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the Court's discretion to sever") (internal quotations and citations omitted).

(8)    The Delaware Supreme Court has recognized three forms of prejudice to be evaluated in determining if severance is proper.  These three are set forth in *Weist v. State* as follows:

> 1) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find; 2) the jury may use the evidence of one of the crimes to infer a general criminal disposition of the defendant in order to find guilt of the other crime or crimes; and 3) the defendant may be subject to embarrassment or confusion in presenting different and separate defenses to different charges.[19]

A defendant is not entitled to severance merely because he might then stand a better chance of being acquitted.[20]  Joinder here is not required as there has been no showing of substantial prejudice to any of the Defendants.

(9)    The second *Weist* prejudice consideration[21] involves an inquiry into whether the jury may use evidence of one of the crimes to infer a general criminal disposition on the part of the Defendants, thus leading to a conviction on additional charges which would not otherwise be obtained.  Defendants allude to such prejudice here.  But with no analysis, Defendants say only that there is an "obvious danger" that the jury will conclude that Ross is "once a thief, always a thief" and

---

[19]    *Weist v. State*, 542 A.2d 1193, 1195 (Del. 1988).

[20]    *See Howard*, 704 A.2d at 281 (*citing Bradley v. State*, 559 A.2d 1234, 1239 (Del. 1989).

[21]    The Defendants' claims neither cite nor implicate the first or third forms of prejudice defined in *Weist*. *See* Defs.' Mot. at ¶ 2.  And so they need not, and are not, addressed here.

that his spouse, Maldonado, and employee/friend, Mooney, are "birds of a feather."[22] These bare allegations hardly shoulder the substantial prejudice burden Defendants' bear to obtain severance here.[23]

(10) The crimes alleged against the indictees are "of the same or similar character" and are allegedly "based on . . .two or more acts or transactions connected together [and] constituting parts of a common scheme or plan."[24] Further, presentation of this matter in separate trials will likely require multiple identical appearances by the same witnesses and investigators, as well as multiple presentations of identical evidence. "The jury should have no difficulty compartmentalizing the evidence concerning each offense and reaching a separate and distinct verdict based upon the evidence and the specific instructions the court will give."[25] The Court can effectively instruct the jury that the evidence of each offense or incident must be considered separately, thereby minimizing any risk of

---

[22] Defs.' Mot. at ¶ 2, *State v. Cipriano, et al.*, I.D. Nos. 1602000442, 1601019449, 1601019421 (Del. Super. Ct. Oct. 31, 2016) (D.I. 14).

[23] *Skinner v. State*, 575 A.2d 1108, 1118 (Del. 1990)(must be shown that "there is a reasonable probability that substantial prejudice may result from a joint trial" and "[t]he defendant has the burden of demonstrating such prejudice"); *Rivera*, 1995 WL 156059, at *3 ("The burden is on the defendant to make a strong showing of prejudice in order to obtain relief under [] Rule [14].").

[24] Super. Ct. Crim. R. 8(a). *See* Indictment, *State v. Cipriano, et al.*, I.D. Nos. 1602000442, 1601019449, 1601019421 (Del. Super. Ct. Apr. 25, 2016) (D.I. 48).

[25] *Rivera*, 1995 WL 156059, at *3.

prejudice.[26] And the Defendants have failed to otherwise demonstrate substantial prejudice arising from a joint trial of all indicted charges.

And so, **IT IS HEREBY ORDERED** that the Defendants' Motion Seeking Relief from Prejudicial Joinder is **DENIED.**

**SO ORDERED this 23rd day of November, 2016.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:    Stacey Cohee, Deputy Attorney General
       Joseph A. Hurley, Esquire

---

[26] *Skinner*, 575 A.2d at 1108.