**William Lee BURKHART, Petitioner-Appellant,**

v.

**Stoney LANE, Warden, Respondent-Appellee.**

**No. 77–1098.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 16, 1978.

Decided April 12, 1978.

William Lee Burkhart, pro se.

Thomas W. Amann, Covington (court-appointed), for petitioner-appellant.

Brooks McLemore, Jr., Atty. Gen. of Tennessee, Nashville, Tenn., John F. Southworth, Jr., William W. Hunt, III, Asst. Attys. Gen., Nashville, Tenn., for respondent-appellee.

Before PHILLIPS, Chief Judge, PECK and KEITH, Circuit Judges.

PER CURIAM.

William Lee Burkhart appeals from the District Court's denial of his petition for a writ of habeas corpus. This petition was filed with the Clerk of the district court on November 19, 1976. It was dismissed by order of the court on the same day. The transcript of the trial court proceeding was not examined by the district judge prior to the entry of his order. The district court appears to have dismissed this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C.A., which provides as follows:

> *Rule 4. Preliminary consideration by judge*
>
> The original petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.* Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. In every case a copy of the petition and any order shall be served by certified mail on the respondent and the attorney general of the state involved. [Emphasis added.]

However, we conclude after an examination of the petition that summary dismissal was inappropriate. It cannot be determined from the face of the petition that Burkhart is not entitled to relief.

Burkhart claims that his rights under the Confrontation Clause of the Sixth Amendment were violated when the confession of

his co-defendant, Burnett, who did not take the witness stand, was admitted into evidence at their joint trial in the Criminal Court of Knox County, Tennessee. He relies on *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), where the Supreme Court held that the incriminating out-of-court confession of a co-defendant who did not take the witness stand and could not be cross-examined was inadmissible at a joint trial when, despite instructions to the contrary, there was a substantial risk that the jury would look to this out-of-court statement in deciding the guilt of the other defendant. The *Bruton* rule is applicable to state trial proceedings. *Roberts v. Russell,* 391 U.S. 293, 294, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968); *Harrington v. California,* 395 U.S. 250, 252, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

As set forth in the petition, Burnett's statement was redacted to the extent that the letter "A" was substituted for Burkhart's name. The trial judge also instructed the jury that the confession was to be considered only in relation to Burnett, and should not be considered in determining the guilt or innocence of Burkhart:

> THE COURT: Excuse me. Ladies and gentlemen of the jury, again the statement allegedly made by the defendant Burnett, you shall not consider it with respect to the defendant Burkhart, or give it any—or draw any implications from it whatsoever with respect to the defendant Burkhart. You may only consider it—where statements are made by anyone, you can only consider it as evidence against the person making the statement, if you desire to consider it for any purpose at all even as to the person making the statement. Very well, proceed.
>
> Q. Would you read the statement given to you by Mr. Burnett?
>
> A. "I, Harold Wayne Burnett, 3732 Skyline Drive, City of Knoxville, make this statement to Herman C. Sloan, who has identified himself to me as a Police Officer of the City of Knoxville, and has advised me of my rights. On Friday, 8–9–74, I was with "A" at his home. We had been drinking quite a bit that day and decided to come down town. "B", a friend of "A's" came up and we went drinking with him. About 9:00 P.M. we ended up at the Orange Julius on Magnolia. I was sitting in the car with "B" and "A" came over and whispered to me, "Do you want to make some money?" I said yes and got out of the car and went with him to a black man's car nearby, a '66 two-door Ford, blue or green. The black man drove us to Harrison Street, just south of McCalla. The three of us got out and walked across McCalla and up Harrison to Parkview. The black man went into the backyard with us and "A" pried open a back door to the garage with a long screwdriver. He and I went in and left the black man in the yard as a lookout. I carried a small T.V. out of the house and "A" carried out some silver and things. "A" got an armful of guns and went out. I heard a man's voice tell "A" to get down on the ground and then holler to someone, "Come here, I've got them" et cetera. I ran back in a small shop and tried to hide. The policeman said, "I know there's another one in there, so you better come out". I came out with my hands up and one of the officers handcuffed me and threw me to the ground beside "A". I know I did wrong by breaking into someone else's property and taking their property to deprive them of the use of it and adapt it to my own use." It's signed by Harold Wayne Burnett.

Petition at 1–2.

When considering this habeas petition the district court should determine whether, in spite of the trial court's instruction, Burnett's confession, even as redacted, so incriminated Burkhart that there is "a substantial risk" that the jury used the statement in deciding Burkhart's guilt. *Bruton v. United States, supra; Hodges v. Rose,* 570 F.2d 642 (6th Cir., 1978). If a *Bruton* error was committed by admitting the confession into evidence, the district court must then decide whether such error requires reversal of the petitioner's convic-

tion. Not every *Bruton* error requires reversal since "[i]n some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the codefendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error." *Schneble v. Florida,* 405 U.S. 427, 430, 92 S.Ct. 1056, 1059, 31 L.Ed.2d 340 (1972). *Harrington v. California, supra; Hodges v. Rose, supra.*

Therefore, this case will be remanded to the district court for an examination of the trial record to determine if there is a substantial risk that the jury considered Burnett's confession when deciding Burkhart's guilt, and if so, whether, in light of the properly admitted evidence of guilt, the admission was so insignificant that it is clear beyond a reasonable doubt that its admission was harmless error. Accordingly,

IT IS ORDERED that the judgment of the district court be and it is hereby vacated, and

IT IS FURTHER ORDERED that this cause be and it is hereby remanded to the district court for further proceedings consistent with this opinion.