**William Lee BURKHART,
Petitioner-Appellant,**

v.

**Stoney LANE, Warden,
Respondent-Appellee.**

No. 78–1412.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 13, 1979.

Decided April 2, 1979.

William Lee Burkhart, pro se.

Thomas W. Amann, Court appointed—CJA, for petitioner-appellant.

William M. Leech, Jr., Atty. Gen. of Tennessee, Linda Ross Butts, Asst. Atty. Gen., Nashville, Tenn., for respondent-appellee.

Before CELEBREZZE and KEITH, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

William Lee Burkhart, a prisoner at Brushy Mountain Prison in Tennessee, appeals from the denial of his application for a writ of habeas corpus. On a former appeal, *Burkhart v. Lane*, 574 F.2d 346 (6th Cir. 1978), this court remanded the case to the district court for an examination of the trial record to determine whether there was a substantial risk that the jury considered the redacted confession of a co-defendant when deciding Burkhart's guilt. *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). If a *Bruton* violation was found, the district court was directed to decide whether, in the light of properly admitted evidence of guilt, the prejudicial effect of the confession was so insignificant that it was clear beyond a reasonable doubt that its admission was harmless error.

Upon remand, District Judge Robert L. Taylor held that the admission of the redacted confession was a violation of the *Bruton* rule, but that the admission was harmless error. In granting respondent's motion for summary judgment, Judge Taylor said:

> From the review of the evidence presented at trial, the Court is convinced that had the confession of co-defendant Burnett been excluded in its entirety, the State's case against petitioner, in the minds of an average jury would not have been significantly less persuasive. The independent evidence of petitioner's guilt was overwhelming in this case. His incredible story was simply not believable, and his guilt was established beyond a reasonable doubt on the basis of all the incriminating evidence, independent of Burnett's confession.

A jury in a State court trial found Burkhart guilty of burglary of a home. Police had been informed of a burglary when a neighbor, knowing that the owner was away from home, noticed two flashlight beams moving about the house. Burkhart was apprehended while leaving the house with an armload of guns. In the yard of the house were found a television set, a radio and a silver service, all of which had

been removed from the house. At the time of Burkhart's arrest, he was in possession of two hunting knives and a screwdriver. The screwdriver matched marks on the door where it had been pried open. Burkhart had a pair of socks wrapped around his hands at the time of his arrest. A loaded automatic rifle belonging to Burkhart was found inside the burglarized house.

We agree with the district court that the admission into evidence of the redacted confession of the co-defendant was harmless beyond a reasonable doubt. *Schneble v. Florida*, 405 U.S. 427, 430, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1971); *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Hodges v. Rose*, 570 F.2d 643 (6th Cir.), *cert. denied*, 436 U.S. 909, 98 S.Ct. 2243, 56 L.Ed.2d 408 (1978).

Affirmed.